**Donald Earl CLEAR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–00–398–CR.**

Court of Appeals of Texas,
Corpus Christi.

March 28, 2002.

Jeanine Howard, Dallas, for Appellant.

William T. (Bill) Hill, Jr., Dist. Atty., Charles Patrick Reynolds, Karen Nelson, Asst. Dist. Attys., Dallas, for Appellee.

Before Chief Justice VALDEZ and Justices DORSEY and HILL[1].

**OPINION**

JOHN G. HILL, Senior Justice (Assigned).

Donald Earl Clear appeals his conviction for the offense of aggravated sexual assault of a child. The jury assessed his punishment at twenty-five years' confinement in the Texas Department of Criminal Justice, Institutional Division. He asserts in three issues that: (1) the trial court erred by failing to require the State to elect which alleged illegal act it would rely upon to secure his conviction; (2) the trial court erred by submitting a charge to the jury that allowed a conviction upon a disjunctive finding among three separate offenses; and (3) the trial court erred in denying his motion for a mistrial due to the prejudicial jury argument of the prosecutor that interjected her personal opinion. We reverse and remand for a new trial.

Clear contends in the second issue that the trial court erred by submitting a charge to the jury that allowed a conviction upon a disjunctive finding among three separate offenses. The indictment alleged that Clear penetrated the female sexual organ of a child with his finger, penetrated the female sexual organ of the same child with his sexual organ, and that he penetrated her mouth with his sexual organ. The charge to the jury instructed the jury to find Clear guilty of the offense of aggravated sexual assault if it found that he either penetrated the child's female sexual organ with his finger or penetrated or contacted it with his sexual organ.

The State confesses that the trial court erred by charging in the disjunctive, relying on *Francis v. State*, 36 S.W.3d 121, 125 (Tex.Crim.App.2000). We must conduct a harm analysis as required by *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1984) (op. on reh'g). *Francis*, 36 S.W.3d at 125.

Clear asserts that he preserved this error in the charge by submitting his own proposed conjunctive charge. He cites no record reference, and we can find no proposed conjunctive charge. We will therefore proceed on the assumption that Clear made no objection to this error in the charge at trial. Where no proper objection was made to an erroneous charge at trial, the appellant will obtain a reversal only if the error is so egregious and created such harm that he has not had a fair and impartial trial. *Almanza*, 686 S.W.2d at 171. We must evaluate the actual degree of harm in light of the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Id.*

In this case evidence was presented with respect to each of the offenses that was charged in the disjunctive. The prosecutor, in closing argument, discussed the options that the jury had regarding the allegations of penetration by the finger or contact or penetration by the penis of the child's sexual organ. She argued,

You can go back there and deliberate and you can all decide that we have proven every one of those to you. You can decide that. Or you can go back there, four of you could decide, you know, "You've proven the finger pen-

1. Senior Justice John Hill assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

etration. I'm not convinced about the contact by the male sexual organ."

Another four of you could say, you know, "You've proven everything." And the remaining four of you could say, "Well, you know, I believe the State proved that there was penile penetration. I wasn't convinced about the finger penetration."

As long as we have proven to each and every one of you at least one of these manners, we are entitled to a guilty verdict. You don't all have to agree on which manner we've proven it to you, as long a we've proven one of these.

So we only have to convince you of one, but there's three different ways that you can find this man guilty, Okay?

The Texas Constitution and the Texas Code of Criminal Procedure require that a jury verdict in felony cases be unanimous. TEX. CONST. ART. V, § 13; TEX. CODE CRIM. PROC. 36.29(a) (Vernon Supp. 2002). Given the evidence and this argument by the prosecutor, we conclude that the error in the charge is egregious because it deprived Clear of his right to a unanimous jury verdict in that we cannot determine that the jury was unanimous in finding Clear guilty of either penetration offense.

The State argues that the error was not egregious because the evidence was overwhelming that he was guilty and the record shows that the jury found the victim's entire testimony to be credible and unassailable. In its brief it states, "Insofar as the jury believed appellant penetrated the victim's vagina with his penis, it presumably also believed he penetrated her with his finger." The State also notes that as a result of the manner in which the case was submitted, Clear received only one conviction instead of two, which it asserts will be of benefit to him should he be convicted in another upcoming case.

The State does not explain how the record shows that the jury found the victim's entire testimony to be credible or unassailable or how it knows that the jury believed Clear penetrated the victim's vagina with his penis. The difficulty with the charge as it was given is that one cannot determine what the jury believed as to the offenses charged. For this court to determine that the harm was not egregious, because the jury would surely have found Clear guilty of all the offenses if it had been given the opportunity, would put us in the place of the jurors and would deprive Clear of his right to a guilty finding by a unanimous jury. We sustain Clear's contention as presented in issue two, reverse the judgment of conviction, and remand this cause for a new trial.

In view of our determination of this issue, we need not address issues one and three.