Affirmed and Opinion filed February 14, 2006









Affirmed
and Opinion filed February 14, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00142-CR

____________

 

KEITH SAMUEL COOK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 983,019

 



 

O P I N I O N

Appellant, Keith Samuel Cook, appeals from
his conviction for aggravated sexual assault of a child.  A jury found him guilty and assessed
punishment at 50 years= imprisonment.  On appeal, appellant contends that he was
denied his right to a unanimous verdict because the trial court charged the
jury on different offenses in the disjunctive. 
We affirm.

Background

Eugenia Kay White testified that she is
the complainant=s mother. 
Complainant was born on January 9, 2004. 
On February 20, 2004, White was taking a bath, and complainant was in a
bassinet outside the bathroom door.  At
one point, appellant, who was living with White and involved in a romantic
relationship with her, entered the bathroom. 
He told White that he had changed complainant=s diaper and
scratched her with his nail.  White
examined complainant and noticed that there was blood in her diaper and that
the injury, between complainant=s vagina and anus,
looked more like a cut than a scratch. 
White subsequently took complainant to the emergency room.  At the hospital, White initially claimed that
she had accidentally injured complainant while changing her diaper, but she
subsequently revealed that complainant had sustained her injuries while with
appellant.

Dr. Robert Bloss testified that he is a
pediatric surgeon at Texas Children=s Hospital and
treated complainant=s injuries.  He said that complainant sustained injuries
to her anus and her vagina.  The injury
to her anus was consistent with penetration of the anus by an unknown object.  The injuries to her vagina included a deep
internal tear that ran through the hymen and to the posterior wall.  He could think of no other cause for the
vaginal injuries except penetration of complainant=s vagina.  The injuries were Atear type injuries@ instead of Acut type injuries,@ and the cause Awould have to
[have been] a blunt object that was larger than the opening.@  The injuries were A[a]bsolutely not@ the result of an
accidental fingernail scratch while wiping, nor were they the result of a birth
defect or movement of complainant=s legs.  The type of damage was consistent with
penetration by an erect penis, but it could have been something else.  He discounted the possibility that it could
have been a finger but stated it could have been a thumb, a broom handle, or
anything larger than the opening itself. 
He concluded that the cause of the injury did not appear to be an
accident Ain any way, shape or form.@








Tom Kershaw testified that he is a social
worker with the Austin State Hospital, which is a psychiatric facility.  Appellant checked himself into the hospital
on February 24, 2004.  Appellant told
Kershaw that he (appellant) had accidentally injured complainant.  Leslie McFarland testified that she is a
detective with the Harris County Sheriff=s Department.  She stated that appellant told her that he
had accidently injured complainant.

Appellant testified that on February 20,
2004, he returned to the apartment he shared with White.  White showed him a tear on complainant and
stated that she thought she may have scratched the child with her nail.  Appellant further testified that White said
she was going to blame appellant for the injury because she was afraid of
losing her children.  Appellant said he
then checked into the Austin State Hospital and was placed on medication
because he was hallucinating.  He stated
that he did not remember talking to Kershaw or McFarland.

The jury charge read as follows:

Now, if you find from the evidence
beyond a reasonable doubt that on or about the 20th day of February, 2004, in
Harris County, Texas, the defendant, Keith Samuel Cook, did then and there
unlawfully, intentionally or knowingly cause the penetration of the female
sexual organ of [complainant], a person younger than fourteen years of age and
not the spouse of the defendant, by placing his finger in the female sexual
organ of [complainant]; or

If you find from the evidence beyond a reasonable doubt
that on or about the 20th day of February, 2004, in Harris County, Texas, the
defendant, Keith Samuel Cook, did then and there unlawfully, intentionally or
knowingly cause the penetration of the female sexual organ of [complainant], a
person younger than fourteen years of age and not the spouse of defendant, by
placing an unknown object in the female sexual organ of [complainant], then you
will find the defendant guilty as charged in the indictment.

Consequently, the jury was authorized to convict
appellant if it found that he caused the penetration of complainant=s sexual organ
either by his finger or by an unknown object. 
The jury found appellant guilty.

Discussion

In his sole issue, appellant contends that
he was denied his right to a unanimous verdict because the trial court charged
the jury in the disjunctive, i.e., the charge permitted a general
verdict of guilty if jurors found that he had caused the penetration of
complainant=s sexual organ either by his finger or an
unknown object.  The parties generally
agree regarding the legal underpinnings of this issue.  Verdict unanimity is required in felony
criminal cases.  Tex. Const. art. V, ' 13; Tex. Code Crim. Proc. Ann. art.
36.29(a) (Vernon Supp. 2005).  Generally,
charging the jury disjunctively on alternative theories, or manner and means,
of committing the same offense does not violate the unanimity requirement.  Martinez v. State, 129 S.W.3d 101, 103
(Tex. Crim. App. 2004).  On the other
hand, charging a jury disjunctively on separate offenses involving separate
incidents does violate the unanimity requirement.  Id.; Hendrix v. State, 150
S.W.3d 839, 845 (Tex. App.CHouston [14th Dist.]
2004, pet. ref=d). 
Appellant contends that the jury charge presented separate offenses in
the disjunctive and not merely alternative theories of committing the same
offense.  We disagree.

The Penal Code section criminalizing
aggravated sexual assault against a child provides that

(a) A person commits an offense:

(1) if the person:

. . .

(B) intentionally or knowingly:

(i) causes the penetration of the
anus or sexual organ of a child by any means;

(ii) causes the penetration of the
mouth of a child by the sexual organ of the actor;

(iii) causes the sexual organ of a
child to contact or penetrate the mouth, anus, or sexual organ of another
person, including the actor;

(iv) causes the anus of a child to
contact the mouth, anus, or sexual organ of another person, including the
actor;  or








(v) causes the mouth of a child to
contact the anus or sexual organ of another person, including the actor;  and

(2) if:

. . .

(B) the victim is younger than 14 years of age . . . .

Tex. Pen. Code Ann. ' 22.021(a) (Vernon
Supp. 2005).

In Vick v. State, the Court of
Criminal Appeals held that the Legislature intended each separately described
act proscribed by Penal Code section 22.021 to constitute a separate statutory
offense.  991 S.W.2d 830, 832-33 (Tex.
Crim. App. 1999).  Consequently, A[a]n offense is
complete when a person commits any one of the proscribed acts.@  Id. 
In the years since Vick was issued, several courts, including
this one, have reversed convictions for aggravated sexual assault of a child
because the jury charge instructed the jury on separate 22.021 offenses in the
disjunctive.  See, e.g., Carty v.
State, 178 S.W.3d 297, 302-03 (Tex. App.CHouston [1st
Dist.] 2005, pet. filed); Tyson v. State, 172 S.W.3d 172, 178-79  (Tex. App.CFort Worth 2005,
pet. ref=d); Hendrix,
150 S.W.3d at 848-49; Clear v. State, 76 S.W.3d 622, 623-24 (Tex. App.CCorpus Christi
2002, no pet.); see also Martinez v. State, No. 01-04-01250-CR, 2006 WL
66659, at *2-6 (Tex. App.CHouston [1st Dist.] January 12, 2006, no
pet. h.) (holding trial court erred in submitting separate offenses
disjunctively but that such error did not cause defendant egregious harm).  The reasoning behind these opinions is that
when a charge includes separate offenses in the disjunctive, it is possible
that six jurors could convict the defendant on the first charged offense (while
believing he was innocent of the second offense), and the other six jurors
could convict him of the second offense (while believing he was innocent of the
first).  E.g., Hendrix, 150 S.W.3d
at 847 (citing Francis v. State, 36 S.W.3d 121, 125 (Tex. Crim. App.
2000)).  Such an outcome would run afoul
of the unanimous verdict rule.  Id.
at 847-49.








The present case is distinguishable from
that line of cases.  Here, the trial
court=s charge clearly
instructed the jury disjunctively on different manner or means of committing a
single offense, not on different offenses. 
We first note that the conduct chargedCpenetration by
finger or unknown objectCimplicates only one subsection of section
22.021: subsection (a)(1)(B)(iii).  Tex. Pen. Code Ann. '
22.021(a)(1)(B)(iii).  That subsection
criminalizes Apenetration of the anus or sexual organ of
a child by any means.@  Id.  In Vick, the court emphasized that the
conduct alleged in the disjunctive required separate and distinct actions by
the defendant.  991 S.W.2d at 833; see
also Tyson, 172 S.W.3d at 178.  Here,
the disjunctively submitted allegations, penetration by finger or penetration
by unknown object, did not necessarily refer to separate and distinct actions.








More importantly, there was no evidence
presented at trial or allegations made by the State that there were multiple
incidents of penetration.  The testimony
of Eugenia White, complainant=s mother,
suggested that the time period in which the assault occurred was very brief.  Doctor Bloss testified that the injuries to
complainant=s vagina resulted from penetration by a
blunt object that was larger than the opening, which could have been but was
not necessarily restricted to an erect penis, thumb, or broom handle.  Furthermore, in neither his opening statement
nor in his closing argument did the prosecutor allege that appellant committed
more than one offense concerning penetration of complainant=s vagina.  In each of the cases listed above, the
evidence pointed to more than one incident of assaultive conduct and more than
one incident was alleged.  See Martinez,
2006 WL 66659, at *1 (discussing evidence describing numerous offenses and
holding that the disjunctive paragraphs addressed different criminal acts); Carty,
178 S.W.3d at 300-01 (listing testimony regarding each disjunctively charged
assaultive action); Tyson, 172 S.W.3d at 174-75, 178 (discussing
evidence regarding each disjunctively charged assaultive action and stating
that each count Aalleged different, specific instances of
conduct@); Hendrix,
150 S.W.3d at 861 (Hudson, J., concurring) (stating that the evidence showed
numerous assaults)[1];
Clear, 76 S.W.3d at 623 (AIn this case
evidence was presented with respect to each of the offenses that was charged in
the disjunctive.@). 
In other words, in the prior cases, the disjunctive phrases referenced,
or appeared to reference, separate conduct and separate offenses.  Here, the disjunctive phrases reference
different means (a finger or unknown object) by which the single offense may
have been perpetrated.  Accordingly, we
find that this charge did not violate the unanimous verdict rule.  See Martinez, 129 S.W.3d at 103.  Appellant=s sole issue is
overruled. 

We affirm the trial court=s judgment.

 

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed February 14, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Guzman.

Publish C Tex. R. App. P. 47.2(b).











[1]  The majority
opinion in Hendrix does not include sufficient factual detail to
determine the exact nature of the evidence regarding the charged offenses, but
it does state that the charge submitted distinct means of penetration as well
as sexual organ to sexual organ contact. 
150 S.W.3d at 848-49.  Here, the
charge did not submit necessarily distinct conduct.  Based on the evidence and argument,
penetration by finger and penetration by unknown object referenced only one act
of penetration.