COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



HERBERT RODNEY NELSON,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00155-CR



Appeal from the


59th District Court


of Grayson County, Texas


(TC# 051351)



O P I N I O N


 This is an appeal from a jury conviction for the offense of aggravated sexual assault of a
child, enhanced. The court assessed punishment at life imprisonment. (1)

I. SUMMARY OF THE EVIDENCE


 At trial, Fannie Charlene Polk testified that she is the grandmother of SBD, the complainant
in Causes Nos. 08-06-00155-CR and 08-06-00156-CR. Polk testified that in September or October
of 2003, SBD told her that Appellant had "messed with her" by placing his hand under her panties. 
Polk called a detective working with the Sherman Police Department and SBD's mother.

 Ramona Polk, a resident of Grayson County, testified that she is SBD's mother. She received
a call from her mother, Fannie Polk. The witness had a conversation with her daughter to the effect
that Appellant, the child's grandfather, touched her daughter in her private parts with his finger. 
SBD related that Appellant made her kiss his private area. Appellant threatened SBD not to tell
anyone of this activity.

 Rochelly Lott testified that she is Princess' mother. Lott related that Appellant was married
to her aunt. SBD was Princess' cousin. Both Princess and SBD were seven years old at the time of
these incidents. Lott testified that Princess told her that Appellant had touched her in her private area
with his hands. SBD was present. Appellant put oil on both girls' bodies and his own body. 
Princess told Lott that Appellant penetrated both girls' private parts with his sexual organ. Carolyn Jean Ridling testified that she was a sexual assault nurse examiner at Texoma
Medical Center. On October 9, 2003, she conducted an exam on SBD. The child told her that she
was at Appellant's house and that he had messed with her vagina. He had his clothes off, and he put
his finger in her vagina. He put his private part in her private part. Then he put his private part in
her mouth. He ejaculated. He threatened to beat her, if she told anyone what had occurred. This
same conduct had occurred on a prior occasion when SBD was in the first grade. The physical exam
revealed trauma from some kind of penetration.

 On December 3, 2003, Ridling examined Princess. Princess related that Appellant had
penetrated both her and SBD with his penis. He stated he would kill their families, if they told
anyone. The physical exam revealed that the child's hymen had a healed tear which was indicative
of penetration.

 Princess testified that Appellant touched her on her private part with his hands. He covered
his finger with oil and put it in her private part. This touching was on the inside of her private part. 
She also saw Appellant put his private part in SBD's private part. Appellant put his mouth on her
private part, and he did the same with regard to SBD. Princess indicated that she and Appellant both
had their clothes on during the incident. Appellant said he would kill everyone in the family, if they
told anyone.

 SBD testified that Appellant touched her in her private part with his private part. He also
touched her private part with his hand and his mouth. He made her touch his private part with her
mouth. Her cousin Princess was also in the room. He did the same things to Princess that he did to
her. Appellant had touched her in a similar manner on several other occasions. He stated that he
would hurt everybody in the family, if she told anyone.

 During the voir dire proceeding, the following exchange occurred with regard to the fact that
three cases were being tried together:

 STATE: You are going to be hearing evidence and all three cases are going to
be tried this week, all three cause numbers. So, you are going to be finding three
separate verdicts, the 12 of you that end up on the jury.


 VENIREPERSON: Three separate cases.


 STATE: Three separate cases, yes, sir, involving two separate alleged victims. 
Okay. Does everybody understand that?


 In the court's charge to the jury, the instruction defining the offense of aggravated sexual
assault of a child stated:

 A person commits an offense if the person intentionally or knowingly:


 (1) causes the contact or penetration of the sexual organ of a child by any
means; OR


 (2) causes the mouth of a child to contact or penetrate the sexual organ
of another person, including the actor;


 AND the child is younger than 14 years of age. 


 The application paragraph in Cause No. 08-06-00154-CR read:

 

 Now, bearing in mind the foregoing instructions, if you find from the
evidence beyond a reasonable doubt that on or about the 1st day of June 2003 in
Grayson County, Texas, the defendant, HERBERT NELSON, did then and there


 (1) intentionally or knowingly cause the penetration OR contact of the
female sexual organ of Princess, a child who was then and there younger than
14 years of age and not the spouse of the defendant, by defendant's male
sexual organ, OR


 (2) intentionally or knowingly cause the penetration of the female sexual
organ of Princess, a child who was then and there younger than 14 years of
age and not the spouse of the defendant, by defendant's finger(s), OR


 (3) intentionally or knowingly cause the contact OR penetration of the
mouth of Princess, a child who was then and there younger than 14 years of
age and not the spouse of the defendant, by the defendant's male sexual
organ, then you will find the defendant guilty of aggravated sexual assault of
a child as charged in the indictment.


 If you do not so find, or if you have a reasonable doubt thereof, you will find
the defendant not guilty.


 In Cause No. 08-06-00155-CR, the application paragraph read:


 Now, bearing in mind the foregoing instructions, if you find from the
evidence beyond a reasonable doubt that on or about the 1st day of May 2003 in
Grayson County, Texas, the defendant, HERBERT NELSON, did then and there


 (1) intentionally or knowingly cause the penetration of the female sexual
organ of SBD, a child who was then and there younger than 14 years of age
and not the spouse of the defendant, by defendant's finger(s); OR


 (2) intentionally or knowingly cause the contact OR penetration of the
female sexual organ of SBD, a child who was then and there younger than 14
years of age and not the spouse of the defendant, by defendant's mouth OR
tongue; OR


 (3) intentionally or knowingly cause the contact OR penetration of the
mouth of SBD, a child who was then and there younger than 14 years of age
and not the spouse of the defendant, by the defendant's sexual organ; OR


 (4) intentionally or knowingly cause the contact OR penetration of female
sexual organ of SBD, a child who was then and there younger than 14 years
of age and not the spouse of the defendant, by the defendant's sexual organ:

 

 then you will find the defendant guilty of aggravated sexual assault of a child as
charged in the indictment.

 

 If you do not so find, or if you have a reasonable doubt thereof, you will find
the defendant not guilty.


 In Cause No. 08-06-00156-CR, the application paragraph read:


 Now, bearing in mind the foregoing instructions, if you find from the
evidence beyond a reasonable doubt that on or about the 1st day of June 2003 in
Grayson County, Texas, the defendant, HERBERT NELSON, did then and there


 (1) intentionally or knowingly cause the penetration of the female sexual
organ of SBD, a child who was then and there younger than 14 years of age
and not the spouse of the defendant, by defendant's finger(s); OR 


 (2) intentionally or knowingly cause the contact OR penetration of the
female sexual organ of SBD, a child who was then and there younger than 14
years of age and not the spouse of the defendant, by defendant's mouth OR
tongue; OR


 (3) intentionally or knowingly cause the contact OR penetration of the
mouth of SBD, a child who was then and there younger than 14 years of age
and not the spouse of the defendant, by the defendant's sexual organ: OR


 (4) intentionally or knowingly cause the contact OR penetration of female
sexual organ of SBD, a child who was then and there younger than 14 years
of age and not the spouse of the defendant, by the defendant's sexual organ; 


 then you will find the defendant guilty of aggravated sexual assault of a child as
charged in the indictment.


 If you do not so find, or if you have a reasonable doubt thereof, you will find
the defendant not guilty. 


No objection was lodged to this instruction by either party.


 The jury was further instructed:


 In all criminal cases, the burden of proof is on the State throughout the trial
and never shifts to the accused person. The prosecution has the burden of proving
the defendant is guilty and it must do so by proving each and every element of the
offense charged beyond a reasonable doubt and if it fails to do so, you must acquit
the defendant.


 During the State's portion of closing argument at the guilt-innocence stage of trial, the
prosecutor stated:

 Let me discuss a few things with you regarding the jury charges. When you
look at the jury charges, you're going to see each one list different ways to commit
this offense, and I went over this in detail with you during voir dire.


 What I want to explain to you is this: Cause Number 51350, dealing with
Princess, alleges several different ways that the offense can be committed. Now,
when you heard me read the indictments, those were listed in the indictments as
different paragraphs. You heard me say, paragraph one, paragraph two, paragraph
three. What that means is, when you get back to the jury room, and this applies to
other cause numbers as well, because they had four paragraphs in the indictment as
well. What those paragraphs mean is this: We have alleged four different ways in
which the offense was committed against each of the girls.


 You 12 people do not have to agree as to which paragraph if any occurred. 
Okay. You all have to agree as to whether the defendant is guilty in each cause
number of that offense. But, for example, if six of you believe that the offense
occurred one way listed, say, in paragraph one, and six of you say, No, we believe it
occurred as it's stated in paragraph two, that is a guilty verdict. You don't have to
agree on how the offense occurred.


 The jury returned a general verdict of guilty. 

II. DISCUSSION


 In Issue One of Appellant's pro se brief, he maintains that the trial court erred in submitting
disjunctive jury instructions allowing him to be convicted on less than a unanimous verdict. 
Specifically, Appellant alleges that each paragraph is a separate offense, and submitting the
paragraphs disjunctively allowed for the possibility of a non-unanimous guilty verdict.

 A person commits the offense of aggravated sexual assault of a child, in pertinent part, if the
person:

 (a)(1)(B) intentionally or knowingly:


 (i) causes the penetration of the anus or sexual organ of a child by any
means;


 (ii) causes the penetration of the mouth of a child by the sexual organ of the
actor;


 (iii) causes the sexual organ of a child to contact or penetrate the mouth,
anus, or sexual organ of another person, including the actor;


 (iv) causes the anus of a child to contact the mouth, anus, or sexual organ of
another person, including the actor; or


 (v) causes the mouth of a child to contact the anus or sexual organ of another
person, including the actor; and


. . . 


 (2)(B) the victim is younger than 14 years of age . . . .


Tex. Penal Code Ann. § 22.021(a)(1)(B) and (2)(B).

 In its brief, the State concedes that it was error for the court to submit the application
paragraphs in the disjunctive. In this instance, however, Appellant did not object to the charge. 
When an accused fails to object, or states that he has no objection, to the charge, the reviewing court
will not reverse, unless the error was so egregious, and created such harm, that he has not had a fair
trial. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984).

 Under the Almanza egregious-harm standard, the record must show that a defendant has
suffered actual, rather than merely theoretical, harm from the jury instruction error. Id. at 174. 
Egregious harm consists of errors affecting the very basis of the case or that deprive the defendant
of a valuable right, vitally affect a defensive theory, or make the case for conviction or punishment
clearly and significantly more persuasive. Saunders v. State, 817 S.W.2d 688, 692 (Tex. Crim. App.
1991). Egregious harm is a difficult standard to prove and must be determined on a case-by-case
basis. Ellison v. State, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002). To determine whether a
defendant has sustained egregious harm from an instruction to which he did not object, we consider
(1) the entire charge; (2) the state of the evidence, including contested issues; (3) arguments of
counsel; and (4) any other relevant information. Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim.
App. 1996).

 The Texas Constitution guarantees due course of law and provides that a defendant charged
with a felony must be convicted by a unanimous jury. See Tex. Const. art. I, § 19, art. V, § 13; Tex.
Code Crim. Proc. Ann. art. 36.29; see Kitchens v. State, 823 S.W.2d 256, 258 n.2 (Tex. Crim. App.
1991), cert. denied, 504 U.S. 958 (1992). The Texas Penal Code requires that "no person may be
convicted of an offense unless each element of the offense is proved beyond a reasonable doubt."
Tex. Penal Code Ann. § 2.01.

 It is permissible for the State to allege alternative legal theories for one offense in one
indictment. Hathorn v. State, 848 S.W.2d 101, 113 (Tex. Crim. App. 1992). However, when the
State charges one with different criminal acts, regardless of whether they constitute violations of the
same or different statutory provisions, the jury has to be instructed that it cannot return a guilty
verdict, unless it unanimously agrees upon the commission of any one of the criminal acts. Francis
v. State, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000).

 In Vick v. State, 991 S.W.2d 830 (Tex. Crim. App. 1999), Vick had previously been tried and
acquitted of aggravated sexual assault, based on an indictment which alleged that he "cause[d] the
penetration of the female sexual organ of [the child victim], by defendant's sexual organ." He was
then indicted for aggravated sexual assault, based upon the same transaction as the prior indictment,
but it was alleged that appellee "caused[d] the female sexual organ of [the child victim] to contact
the mouth of [appellee]." Id. at 831. The trial court granted Vick's pretrial motion to dismiss the
indictment, based on double jeopardy grounds, on the theory that the second indictment charged the
same offense for which appellee had already been tried and acquitted. The Court of Criminal
Appeals held that Texas Penal Code section 22.021 is a conduct-oriented offense in which the
legislature criminalized very specific conduct of several different types. Id. at 832. Each separately
described act of that statute constitutes a separate statutory offense. Id. at 833. The allegation that
the defendant caused the child's sexual organ to contact his mouth was a separate and distinct
statutory offense from the alleged penetration of the child's sexual organ by the defendant's sexual
organ. Id. Therefore, double jeopardy did not foreclose the second prosecution. Id. at 834.

 In Francis, the Court of Criminal Appeals held that touching the victim's breast and touching
the victim's genitals were separate offenses, and it was error to submit those offenses in the
disjunctive. Francis, 36 S.W.3d at 124-25.

 As noted above, the State concedes that the jury charge submitted several distinct criminal
offenses and that the court erred by charging those offenses disjunctively, without requiring a
unanimous finding of guilt regarding each offense. However, the State maintains that Appellant was
not egregiously harmed. The State contends that, notwithstanding the statement by the prosecutor
at closing argument, the record shows that the defensive strategy was to attack the inconsistency of
the outcry statements, the fact that the results from the physical part of the nurse's exams did not
necessarily implicate Appellant, and that the children were capable of being incorrect. The defense
also asserted that there was a total absence of proof regarding Cause No. 08-06-00155-CR.

 The State therefore contends that an individual juror would have either found that Appellant
committed the aggravated sexual assaults or that he had not sexually assaulted the complainants at
all. The jury could have believed the State's testimony or not, and there was no reason for any
individual juror to differ regarding whether the Appellant's contact with the complainant was oral
or vaginal. Therefore, the State asserts, Appellant was not denied his right to a unanimous jury
verdict.

 As stated, in determining whether an accused has suffered egregious harm from an erroneous
charge, we consider (1) the entire charge; (2) the state of the evidence, including contested issues;
(3) arguments of counsel; and (4) any other relevant information. Hutch, 922 S.W.2d at 171.

 In Clear v. State, 76 S.W.3d 622 (Tex. App.--Corpus Christi 2002, no pet.), the indictment
alleged that Clear penetrated the female sexual organ of a child with his finger, penetrated the female
sexual organ of the same child with his sexual organ, and also that he penetrated her mouth with his
sexual organ. The jury charge instructed the jury to find Clear guilty of the offense of aggravated
sexual assault, if it found that he either penetrated the child's female sexual organ with his finger or
penetrated or contacted it with his sexual organ. Id. at 623. During closing argument, the prosecutor
argued in reference to the options that the jury had with regard to the allegations of penetration by
the finger or contact or penetration by the penis of the child's sexual organ that:

 You can go back there and deliberate and you can all decide that we have
proven every one of those to you. You can decide that. Or you can go back there,
four of you could decide, you know, "You've proven the finger penetration. I'm not
convinced about the contact by the male sexual organ."


 Another four of you could say, you know, "You've proven everything." And
the remaining four of you could say, "Well, you know, I believe the State proved that
there was penile penetration. I wasn't convinced about the finger penetration."


 As long as we have proven to each and every one of you at least one of these
manners, we are entitled to a guilty verdict. You don't all have to agree on which
manner we've proven it to you, as long a [sic] we've proven one of these.


 So we only have to convince you of one, but there's three different ways that
you can find this man guilty, Okay?


Id. at 623-24.

 As in this case, the State admitted charge error, but contested that egregious harm had
occurred. Id. at 623. The State argued that the error was not egregious, because the evidence was
overwhelming that he was guilty, and the record showed that the jury found the victim's entire
testimony to be credible and unassailable. The State reasoned that, as the jury believed the accused
penetrated the victim's vagina with his penis, it presumably also believed he penetrated her with his
finger. The State also noted that, as a result of the manner in which the case was submitted, the
accused received only one conviction instead of two, which would benefit him should he be
convicted in another upcoming case. Id. at 624.

 The Clear court rejected this reasoning and found that he had suffered egregious harm. The
court stated that it could not determine what the jury believed regarding the offenses that were
charged. As such, to find that the harm was not egregious, because the jury would surely have found
Clear guilty of all the offenses if given the opportunity, would put the court in the place of the jurors
and would deprive Clear of his right to a guilty finding by a unanimous jury. The cause was reversed
and remanded for new trial. Id.

 However, in Martinez v. State, 190 S.W.3d 254 (Tex. App.--Houston [1st Dist.] 2006, pet.
ref'd), Martinez was convicted of aggravated sexual assault of a child. Id. at 257. The application
paragraph of the jury charge read:

 Now, if you find from the evidence beyond a reasonable doubt that on or
about the 14th day of September, 2003 . . . Jose R. Martinez, did then and there
unlawfully, intentionally or knowingly cause the sexual organ of [complainant] . . .
to contact the sexual organ of the defendant; or if you find . . . Jose R. Martinez did
then and there unlawfully, intentionally or knowingly cause the anus of [complainant]
. . . to contact the sexual organ of the defendant, then you will find the defendant
guilty as charged in the indictment.


Id. at 258 (emphasis supplied by appellate court).

 The court of appeals held that the trial court erred in allowing a conviction upon a disjunctive
finding between two separate offenses. Id. at 259. The court then had to conduct an analysis to
determine whether Martinez had suffered egregious harm. The prosecutor stated during the voir dire
examination, after the judge had read the indictment that:

 [N]otice how the judge read two paragraphs. What the laws says [sic] is all I have
to prove is one of those. In fact, it's a little bit different in that six of y'all may think
he contacted the anus and six of y'all may think he contacted the female sexual
organ, as long as the 12 of you agree one of those happened, then you can convict. 
That's why it's the two pleadings . . . . [A]ll I have to prove is one of them. 


Id. at 260.

 The court noted that Martinez's defensive posture was that he did not commit any offense,
and he did not attack the evidence of vaginal penetration and the evidence of anal contact differently. 
Further, the jury was twice instructed in the charge that the State had the burden of proving each and
every element of the offense charged. Id. at 260-61. Further, the comment by the prosecutor was
brief and was not repeated. The court held that Martinez had not suffered egregious harm. Id. at
262; see also Martinez v. State, 212 S.W.3d 411 (Tex. App.--Austin 2006, pet. ref'd).

 In the present case, while the nature of Appellant's defensive posture was somewhat in line
with the situation in Martinez, we are inclined to follow the holding in Clear. Here, the jury was told
during voir dire that they were to find three separate offenses, as opposed to a finding of guilt on
each charge. Further, they were, in effect, told by the prosecutor, prior to deliberation, that their
verdict did not need to be unanimous. We find that Appellant suffered egregious harm, and we
sustain Issue One. See Mathonican v. State, 194 S.W.3d 59 (Tex. App.--Texarkana 2006, no pet.).

 Given the foregoing discussion, we need not address Appellant's Issue Two.

III. CONCLUSION


 We reverse the judgment of the trial court and remand the cause for a new trial.


 KENNETH R. CARR, Justice


February 21, 2008


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)

1. Two companion cases were tried with this case. In Cause No. 08-06-00154-CR, the jury convicted Appellant
of aggravated sexual assault of a child, enhanced, and the court assessed punishment at life imprisonment. In Cause No.
08-06-00156-CR, the jury convicted Appellant of aggravated sexual assault of a child, enhanced, and the court assessed
punishment at life imprisonment. The complainant in the case at bar and in Cause No. 08-06-00156-CR is the same
individual, whose trial pseudonym was "SBD." The complainant in Cause No. 08-06-00154-CR is her cousin, whose
trial pseudonym was "Princess."