REVERSE, REMAND and AFFIRM; Opinion Filed February 12, 2013



## In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-11-01488-CR

## RICARDO JOURDAN, Appellant
## V.
## THE STATE OF TEXAS, Appellee

### On Appeal from the 195th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F11-00498-N

## OPINION

Before Justices Bridges, O'Neill, and Murphy
Opinion by Justice O'Neill

A jury convicted appellant Ricardo Jourdan of aggravated sexual assault and sentenced him to thirty-five years' imprisonment. On appeal, he argues the trial court erred by refusing to include the lesser-included offenses of aggravated assault causing serious bodily injury and assault by threat of serious bodily injury. He also contends the trial court erred by failing to require a unanimous verdict. We affirm in part and reverse and remand in part.

### Factual Background

In the early morning hours of September 23, 2010, Crystal Kemp[1] was finishing her morning janitorial duties at a library in Pleasant Grove. When she went to her car to leave, she realized she had locked her keys inside the car. She called her sister, Alma Giron, and asked her

---

[1] This is a pseudonym for the victim's real name.

to bring her a spare key. Alma was unable to help Crystal, but appellant approached her and offered to help. Crystal did not speak English so she handed the phone to appellant to talk to Alma. Alma then told Crystal appellant said he could help.

Appellant tried to pry the car window open but was unsuccessful. He then asked Crystal to get him more "paper," which might help him.

She went back into the library, and he followed her. He asked if he could use the restroom but she indicated no. She thought he went back outside, but he did not. When Crystal went to the restroom to get paper towels, appellant followed her inside. He threw Crystal to the floor and repeatedly punched her in the face. "He got bored using his fist" and started kicking her neck, face, and forehead. When she asked appellant why he was hurting her, he only hit and kicked her harder.

Appellant then removed his and Crystal's pants and underwear. He got on top of her and tried to rape her, but his penis was not fully erect. He masturbated to make himself harder and then penetrated her vagina. She lost consciousness, but remembered seeing him rummaging through her purse. Appellant took the one dollar she had in her purse before running away.

When she regained consciousness, she called her sister and 9-1-1. Officers and paramedics arrived. Paramedics transported her to Baylor hospital for treatment. She was later moved to Parkland, where she received a sexual assault examination.

During the course of the investigation, officers released surveillance pictures of appellant, which led to his identification. When officers executed a search warrant at his home, they found blood-stained clothes matching Crystal's description. Fingerprints lifted from Crystal's car matched appellant. Crystal's shirt and perineum tested positive for appellant's seminal fluid. However, sperm cells were not detected from the vaginal smears obtained during the sexual assault examination. Appellant was arrested and charged with aggravated sexual assault.

During trial, appellant testified in his own defense. He admitted he brutally beat Crystal, but he denied any sexual contact with her. He told the jury a completely different version of events, which included Alma "pimping out" Crystal to give appellant a blow job in return for fifty dollars and helping to unlock Crystal's car. He claimed the two went to a small shed beside the library, but he did not sexually assault her. He testified he ejaculated on her shirt before she ever had a chance to give him a blow job.

When she went inside the library bathroom to clean her shirt, he followed and wanted his fifty dollars back because she did not perform oral sex. When he grabbed part of the money from her, he claimed Crystal swung at him. He then "lost it" and viciously beat her.

The jury convicted him of aggravated sexual assault. This appeal followed.

## Jury Charge Instructions on Lesser-Included Offenses

In his first issue, appellant argues the trial court abused its discretion by refusing to charge the jury on the lesser-included offense of aggravated assault. The State responds that aggravated assault is not a lesser-included offense of aggravated sexual assault, and the record does not support a finding that if appellant was guilty of anything, it was only aggravated assault.

Before submitting a lesser-included offense charge, the trial court must conclude both (1) that the requested charge is for a lesser-included offense of the charged offense; and (2) that there is some evidence that, if the defendant is guilty, he is guilty only of the lesser offense. *Hall v. State*, 225 S.W.3d 524, 535–36 (Tex. Crim. App. 2007). An offense is a lesser-included offense if: (1) it is established by the proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of

an attempt to commit the offense charged or an otherwise included offense. TEX. CODE CRIM. PROC. ANN. art. 37.09 (West 2006).

The first part of the *Hall* test is a question of law that does not depend on the evidence presented at trial. *Hall*, 225 S.W.3d at 535. The court looks to the facts and elements "as alleged in the charging instrument, and not just the statutory elements of the offense, to determine whether there exists a lesser-included offense of the greater charged offense." *Id.* at 535–36.

Here, the indictment alleged that appellant intentionally and knowingly contacted and penetrated Crystal's sexual organ with his sexual organ and his fingers, without her consent, and by acts and words placed her in fear that death and serious bodily injury would be imminently inflicted on her and further by his acts and words did threaten to cause her death or serious bodily injury. *See* TEX. PENAL CODE ANN. 22.021(a) (West Supp. 2012).

The elements of aggravated assault are as follows: (1) a person; (2) intentionally, knowingly, or recklessly; (3) causes bodily injury to another including the person's spouse; (4) threatens another with imminent bodily injury, including the person's spouse; or (5) causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative; and (6) causes serious bodily injury to another, including the person's spouse. *Id.* §§ 22.01; 22.02(a)(1).

Appellant argues the elements of aggravated assault may be deduced from the indicted aggravated sexual assault offense because the indictment alleges that "by his acts and words," he placed Crystal in fear of imminent death and serious bodily injury. We do not agree. The elements required to prove aggravated assault are not the same as, or less than, those required to prove an aggravated sexual assault. Aggravated assault requires proof that appellant "caused serious bodily injury," whereas the aggravated sexual assault charge does not require such proof. *See Mack v. State*, 05-09-01240-CR, 2011 WL 1170415, at *4 (Tex. App.—Dallas Mar. 31, 2011, pet. ref'd) (mem. op., not designated for publication) (holding aggravated assault was not a

lesser-included offense of aggravated sexual assault and indictment contained similar "acts and words" language); *Trejo v. State*, 242 S.W.3d 48, 52 (Tex. App.—Houston [14th Dist.] 2007, pet. granted), *vacated on other grounds*, 280 S.W.3d 258 (Tex. Crim. App. 2009). Therefore, appellant's requested instruction does not satisfy the first prong of the *Hall* test. His first issue is overruled.

In his second issue, appellant argues the trial court erred by failing to instruct the jury on the lesser offense of assault by threatening to cause serious bodily injury. The State responds because appellant did not object at trial to the omitted instruction and the trial court does not have a duty to *sua sponte* instruct the jury on lesser-included offenses, there is no charge error to which an *Almanza* harm analysis applies. It further contends the evidence does not support that if appellant was guilty, he was only guilty of assault by threatening serious bodily injury.

We begin by addressing whether appellant objected to the charge and requested an instruction on the offense of assault by threatening to cause serious bodily injury. During the charge conference, appellant specifically requested the lesser-included offense of aggravated assault. After argument by both appellant and the State, the following exchange occurred:

> The Court: The request—the defense requests we include a different related charge of assault as opposed to sexual assault; in other words, a non-sexual assault. That's denied.
>
> [Defense Counsel]: Well, actually it's the request for - -
>
> The Court: I'm not doing what you're asking. This charge stays the way it is.
>
> [Defense Counsel]: If I could just clarify, Judge. What we're asking for is assault - -
>
> The Court: You want a straight aggravated assault with serious bodily injury. And that's denied.

Appellant made it clear in his request he wanted an instruction on "aggravated assault with serious bodily injury." He never mentioned assault by threat of causing serious bodily

injury. When the trial court clearly ruled against his request for "straight aggravated assault with serious bodily injury," counsel made no further argument or indicated he wanted an instruction on assault by threat. Thus, we conclude appellant failed to request an instruction for the offense of assault by threat.

Appellant suggests that if we conclude error is not properly preserved, the matter may still be raised for the first time on appeal, and the failure to include the instruction was so harmful he was denied a fair trial. As discussed below, we do not agree the trial court had a duty to *sua sponte* include such an instruction or that an *Almanza* harm analysis applies to this case.

Jury charge error is reviewed under the standard set out in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (en banc). Under the standard, we first determine whether there was charge error. *Id.* at 174. When the appellant does not object, we reverse only if the error was "fundamental" and so "egregious" that the appellant was denied a fair and impartial trial. *Id.*

The purpose of the jury charge is to inform the jury of the applicable law and guide the jurors in applying the law to the facts of the case. *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). A judge's duty to properly charge the jury exists even when defense counsel fails to object to inclusions or exclusions in the charge, and thus, the judge may be required to *sua sponte* instruct the jury on the law applicable to the case. *Taylor v. State*, 332 S.W.3d 483, 486 (Tex. Crim. App. 2011). However, the *sua sponte* duty of the trial judge to instruct the jury on the law applicable to the case does not necessarily extend to all potential defensive issues, lesser-included offenses, or evidentiary issues. *Delgado v. State*, 235 S.W.3d 244, 249–50 (Tex. Crim. App. 2007); *Winslow v. State*, 05-10-00883-CR, 2011 WL 5223126, at *3 (Tex. App.— Dallas Nov. 3, 2011, no pet.) (not designated for publication). "[L]esser-included instructions are like defensive issues and a trial court is not statutorily required to *sua sponte* instruct the jury

on lesser-included offenses because these issues 'frequently depend upon trial strategy and tactics.'" *Tolbert v. State*, 306 S.W.3d 776, 780 (Tex. Crim. App. 2010).

As we held in *Winslow*, a lesser-included offense is not generally considered to be "law applicable to the case," even if raised by the evidence. *Winslow*, 2011 WL 5223126, at *3. Thus, a party's failure to request its inclusion in the jury charge is not considered charge error, but rather waives the party's ability to raise the issue on appeal. *Id.*; *see also Tolbert*, 306 S.W.3d at 780 (concluding trial court is not required to *sua sponte* provide an instruction the record clearly reflects appellant did not want; therefore, there was no charge "error" to which *Almanza's* egregious harm analysis would apply).

We conclude the trial court had no duty to *sua sponte* instruct the jury on the lesser-included offense of assault by threat of causing serious bodily injury and that a lesser-included offense instruction was not "applicable to the case" absent a request by the defense for its inclusion in the charge. *See Tolbert*, 306 S.W.3d at 782; *Winslow*, 2011 WL 5223126, at *3. Accordingly, there was no charge error to which *Almanza's* harm analysis would apply. *Winslow*, 2011 WL 5223126, at *3; *see also Posey v. State*, 966 S.W.2d 57, 61 (Tex. Crim. App. 1998) (stating *Almanza* does not apply unless the appellate court first finds error in the jury charge).

Moreover, even if we concluded appellant properly preserved error, the trial court did not err in failing to submit the instruction. To be entitled to a lesser-included offense instruction, the record must contain evidence that would permit a jury to rationally find that if appellant is guilty, he is guilty only of the lesser-included offense of assault by threat of causing serious bodily injury. *Hall*, 225 S.W.3d at 536. Such is not the case on the record before us.

Appellant did not merely threaten to cause serious bodily injury, but admitted he "lost it" and viciously beat Crystal. She testified appellant punched and kicked her face to the point she needed treatment at Baylor and Parkland hospitals. The treating physician testified, "She came

in with multiple bruises all over her body and a significant laceration on her forehead, which had to be sutured together with stitches." She also required morphine for pain management. The jury also saw numerous pictures of the extensive bruising and injuries to her face and neck. In addition to the physical injuries, DNA testing detected appellant's seminal fluid on Crystal's shirt and her perineum. Accordingly, there is no evidence to raise the issue that if appellant was guilty, he was guilty only of assault by threat. Appellant's second issue is overruled.

## Unanimous Verdict Requirement

In his final issue, appellant argues the trial court erred by not requiring unanimity in the jury's verdict. Specifically, the charge authorized the jury to convict him if it believed he contacted and penetrated the sexual organ of complainant or if it believed he caused digital penetration of her sexual organ. He contends the question is whether the indictment alleged one offense with two "manner and means" or two different offenses. If two different offenses were alleged, he claims the unanimity rule requires the jury to agree on a single and discrete incident that would constitute the commission of the offense. The State first replies the issue is not preserved because appellant's trial objection does not comport with his objection on appeal. It further argues that no charge error exists because the indictment charged two "manner and means" of committing the same offense.

We first address the State's waiver argument. Appellant objected at trial that the charge included "information regarding penetration by a finger" and the evidence did not support the allegation. On appeal, he argues the charge violated his right to a unanimous verdict. While we agree with the State that appellant's trial objection does not comport with his argument on appeal, we must nonetheless address his issue. In the area of jury charge error, the failure to object at trial does not waive error, but rather affects the harm analysis utilized if error is found. *Jenkins v. State*, 05-04-01386-CR, 2005 WL 3471468, at *4 n.4 (Tex. App.—Dallas Dec. 20, 2005, no pet.) (not designated for publication) (citing *Almanza*, 686 S.W.2d at 171).

When analyzing a jury charge issue, we must first decide whether error exists. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003). If so, we analyze that error for harm. *Id.* The degree of harm necessary depends upon whether the error was preserved by objection. If the defendant properly objected to the charge, some harm requires reversal. *Almanza*, 686 S.W.2d at 171. If the defendant did not object to the charge, reversal is not required unless the record shows egregious harm. *Id.*

Egregious harm requires more than mere theoretical harm. Errors that result in egregious harm are those that affect the very basis of a case, deprive a defendant of a valuable right, or vitally affect a defensive theory. *Ngo v. State*, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005).

Texas law requires a unanimous jury verdict in felony criminal cases. TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West Supp. 2012); *Hendrix v. State*, 150 S.W.3d 839, 845 (Tex. App.—Houston [14th Dist] 2004, pet. ref'd). Generally, instructing the jury on alternative theories, or manner and means, of committing the same offense does not violate the unanimity requirement. *Hendrix*, 150 S.W.3d at 845. Charging on alternative theories, however, differs from charging on separate offenses involving separate incidents. *Id.* The latter runs afoul of the unanimity requirement.

Section 22.021, the aggravated sexual assault statute, describes conduct-oriented offenses in which the legislature criminalized very specific conduct of several different types. *Vick v. State*, 991 S.W.3d 830, 832 (Tex. Crim. App. 1999). Each separately described act constitutes a separate statutory offense. *Id.* at 833.

The State indicted appellant as follows:

> On or about the 23rd day of September A.D., 2010 in the County of Dallas and said State, did
>
> Unlawfully then and there intentionally and knowingly cause contact and penetration of the female sexual organ of CRYSTAL KEMP, hereinafter called the complainant, without the consent of the complainant, by means of an object, to-wit: the sexual organ of

said defendant, and by acts and words, said defendant did place the complainant in fear that death and serious bodily injury would be imminently inflicted on CRYSTAL KEMP, and further said defendant, by acts and words occurring in the presence of the complainant, did threaten to cause the death and serious bodily injury of CRYSTAL KEMP.

And further defendant did unlawfully then and there intentionally and knowingly cause the penetration of the female sexual organ of CRYSTAL KEMP, hereinafter called the complainant, without the consent of the complainant, by means of an object, to-wit: the finger of said defendant, and by acts and words, said defendant did place the complainant in fear that death and serious bodily injury would be imminently inflicted on CRYSTAL KEMP, and further, said defendant, by acts and words occurring in the presence of the complainant, did threaten to cause the death and serious bodily injury of CRYSTAL KEMP.

While the State boldly asserts "Appellant was prosecuted under § 22.021(a)(1)(A)(i) which prohibits nonconsensual penetration of the female sexual organ by any means," we do not agree. The first paragraph of the indictment alleges appellant contacted and penetrated the female sexual organ with his sexual organ, which clearly falls under Texas Penal Codes section 22.021(a)(1)(A)(iii). *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(iii) (West Supp. 2012) (intentionally or knowingly causing the sexual organ of another person, without that person's consent, to contact or penetrate the sexual organ of another person). The second paragraph of the indictment, which alleges digital penetration, falls under section 22.021(a)(1)(A)(i). *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(i) (West Supp. 2012) (intentionally or knowingly causing the penetration of the sexual organ by any means, without the person's consent). Thus, each paragraph of the indictment describes an act constituting a separate statutory offense.

The cases cited by appellant support our conclusion. In *Hendrix*, the trial court submitted three offenses in the disjunctive: (1) penetrating the female sexual organ with defendant's sexual organ; (2) penetrating the female sexual organ with defendant's finger; or (3) causing the sexual organ of complainant to contact defendant's sexual organ. *Hendrix*, 150 S.W.3d at 848. The court concluded that it was possible some jurors found appellant guilty of digital penetration

while others found him guilty of penetrating or contacting her sexual organ. *Id.* By submitting the offenses in the disjunctive, the trial court erred and deprived appellant of his right to a unanimous verdict. *Id.* at 849.

Similarly, in *Clear v. State*, 76 S.W.3d 622, 623 (Tex. App.—Corpus Christi 2002, no pet.) the indictment alleged the defendant penetrated the female sexual organ of a child with his finger, penetrated the female sexual organ of a child with his sexual organ, and penetrated the child's mouth with his sexual organ. The trial court erroneously instructed the jury it could find the defendant guilty of aggravated sexual assault if it found that he either penetrated the child's female sexual organ with his finger or penetrated or contacted it with his sexual organ. *Id.* The State confessed that the trial court erred by charging in the disjunctive, and the court agreed and proceeded to conduct a harm analysis. *Id.*

The facts here mirror those in both *Hendrix* and *Clear.* Appellant was indicted of two separate offenses under section 22.021. The trial court instructed the jury in the disjunctive allowing it to find appellant guilty if they believed he either penetrated her sexual organ with his sexual organ or if he penetrated her sexual organ with his finger. Thus, it is possible that some of the jurors found him guilty of digital penetration while others found him guilty of contacting or penetrating her sexual organ with his sexual organ. This violated appellant's valuable right to a unanimous verdict. Accordingly, the trial court erred in submitting the disjunctive jury charge.

In reaching this conclusion, we conclude the State's reliance on *Cook v. State*, 192 S.W.3d 115 (Tex. App.—Houston [14th Dist.] 2006, no pet.) is inapplicable. In that case, the jury was instructed it could find the defendant guilty of aggravated sexual assault if it believed he penetrated the female sexual organ of the complainant by placing his finger in the complainant's female sexual organ or if it believed he penetrated her sexual organ by placing an unknown object in her female sexual organ. *Id.* at 117. The appellate court distinguished the facts from *Hendrix* because "the trial court's charge clearly instructed the jury disjunctively on different

manner and means of committing a single offense, not different offenses." *Id.* at 118–19. The court specifically noted "the conduct charged–penetration by finger or unknown object–implicates only one subsection of section 22.021." *Id.* at 119. However, as previously stated, the indictment here does not implicate one section of 22.021, despite the State's argument to the contrary. Therefore, we are not persuaded by the holding in *Cook.*

Having found error in the trial court's charge, we must determine whether sufficient harm resulted from the error to require reversal. Because appellant did not specifically object in the trial court on the grounds of juror unanimity, we may only reverse for egregious error. *Almanza,* 686 S.W.2d at 171.

The Texas Constitution and the Texas Code of Criminal Procedure both require a defendant who is charged with a felony to be convicted by a unanimous jury; therefore, courts have repeatedly found egregious harm under similar circumstances. *See Hendrix,* 150 S.W.3d at 850 ("Because erroneous charge made it possible for the jury to return a less than unanimous guilty verdict, we find the charge error was harmful."); *Clear,* 76 S.W.3d at 624 (concluding error in the charge was egregious because it deprived the defendant of his right to a unanimous verdict). Moreover, during closing argument the State compounded the error by emphasizing the jury did not have to agree as to which offense appellant was guilty of by arguing:

> So I just wanted to make it clear to you. Everybody could say, you know what, I think the State proved it because the penis contacted the sexual organ. Another four of you could say, I think the penis penetrated the sexual organ of this victim. Another four could say, I know it was the fingers that penetrated the complainant's organ.

While the State argues appellant cannot demonstrate he suffered egregious harm because "[g]iven the reliability of the sperm evidence, surely all the jurors would have agreed on the penile penetration allegation alone," we cannot reach such a conclusion. A similar argument was made and rejected in *Clear v. State.* In that case, the State argued the jury charge error was not egregious because the evidence of defendant's guilt was overwhelming, and the record showed

the jury found the victim's testimony to be credible. *Clear*, 76 S.W.3df at 624. The court concluded the record did not support the State's claims, and one could not determine what the jury believed as to the offenses charged. *Id.* The court further held:

> For this court to determine that the harm was not egregious, because the jury would surely have found Clear guilty of all the offenses if it had been given the opportunity, would put us in the place of the jurors and would deprive Clear of his right to a guilty finding by a unanimous jury.

Similarly, the State is asking this Court to put itself in the place of the jurors and that we cannot do. Accordingly, appellant has established he was egregiously harmed by the trial court's erroneous jury charge. We sustain appellant's third issue.

## Conclusion

Having considered appellant's arguments, we affirm as to issues one and two regarding omission of the lesser-included offense instructions.

We sustain appellant's third issue, in which the trial court denied him his right to a unanimous verdict, and reverse and remand this cause for a new trial.

MICHAEL J. O'NEILL
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

111488F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

RICARDO JOURDAN, Appellant

No. 05-11-01488-CR

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F11-00498-N.
Opinion delivered by Justice O'Neill, Justices Bridges and Murphy participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and **REMANDED** for a new trial because the trial court's jury instruction violated appellant's right to a unanimous verdict.

In all other respects, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of February, 2013.

MICHAEL J. O'NEILL
JUSTICE