**Opinion filed April 28, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00091-CR

_____

### ANTHONY LAMONT HATTER, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 297th District Court**

**Tarrant County, Texas**

**Trial Court Cause No. 1133557R**

## MEMORANDUM OPINION

The jury convicted Anthony Lamont Hatter of one count of sexual assault of a child (Count One), one count of indecency with a child (Count Two), one count of sexual performance by a child (Count Three), and one count of possession with intent to promote child pornography (Count Four). The jury assessed appellant's punishment for each offense at confinement for twenty years and a fine of $10,000. The trial court sentenced appellant accordingly and ordered that the sentences for Counts One, Three, and Four run concurrently with each other and that the

sentence for Count Two run consecutively to the sentences for Counts One, Three, and Four. We affirm.

## Issues on Appeal

Appellant presents seven issues for review. In his first three issues, he contends that the jury charge erroneously permitted the jury to convict him with a less-than-unanimous verdict on Counts One and Two. In his fourth and fifth issues, he contends that the evidence was legally and factually insufficient to support his conviction on Counts Three and Four because the evidence was insufficient to prove that he knew Jackson was under the age of eighteen years. In his sixth and seventh issues, he contends that his convictions for sexual assault in Count One and for indecency with a child in Count Two violate the double jeopardy clauses of the federal and state constitutions.

## The Indictment

Count One of the indictment alleged that, on or about November 30, 2005, appellant intentionally or knowingly caused the sexual organ of Maria Jackson,[1] who was a child younger than seventeen years of age and who was not appellant's spouse, to contact appellant's penis. Paragraph two of Count One alleged that, on or about November 30, 2005, appellant intentionally of knowingly caused the penetration of Jackson's sexual organ by inserting his penis into her sexual organ.

Count Two alleged that, on or about November 30, 2005, appellant intentionally, with the intent to arouse or gratify his sexual desire, engaged in sexual contact by touching Jackson's genitals.

Count Three alleged that, on or about November 30, 2005, appellant intentionally or knowingly employed, authorized, or induced Jackson, who was a child younger than eighteen years of age, to engage in the sexual performance of engaging in sexual contact with appellant while being videotaped.

Count Four alleged that, on or about November 30, 2005, appellant intentionally or knowingly promoted, by manufacturing a videotape, visual material depicting Jackson, who was a child younger than eighteen years of age, engaging in sexual intercourse.

---

[1]Maria Jackson is a pseudonym. It was used in the indictment to protect the identity of the child.

*The Evidence at Trial*

The record shows that Jackson was born in November 1989. G.L.[2] is Jackson's mother. In 2005, G.L. and her children lived at the Lakeview Apartments in Lake Worth, Texas. Appellant and his family were next-door neighbors to G.L. and her family. Appellant's wife, Lashayelle Banks Hatter, testified that, in June 2006, she found a videotape showing appellant having sexual intercourse with Jackson. Hatter showed the videotape to G.L. and then reported it to the police. Jackson was fifteen years old when the tape was made. At that time, she was a sophomore in high school.

Jackson testified that she and her boyfriend bought marihuana from appellant. Jackson said that appellant was aware of her age and that he knew she was a sophomore in high school. She said that she occasionally bought marihuana from appellant by herself. Jackson testified that, on one such occasion, appellant asked her to have sex with him and that they then had sex in appellant's bedroom. She said that this incident occurred before the date of her sixteenth birthday, which was in November 2005. Jackson said that appellant's penis penetrated her sexual organ. She said that appellant touched her sexual organ with his fingers and that he was "touching it, rubbing it, feeling." Jackson testified that, about two weeks later, she called appellant and asked him for a ride to school. She said that she went to appellant's apartment and that she and appellant again had sex in his bedroom. She said that, on this occasion, appellant's penis penetrated her sexual organ. She also said that appellant did not touch her with his hand or fingers on this occasion. Jackson said that, after she and appellant finished having sex, appellant gave her a ride to school.

Jackson testified that she had seen the videotape showing her and appellant having sexual intercourse. She said that the tape shows the first time that she had sex with appellant. Jackson said that appellant did not ask her for permission to make the tape and that she did not know appellant made the recording. Jackson said that she learned about the tape from her mother. The tape was introduced into evidence, and a DVD copy of the tape was played for the jury.

*Jury Charge Issues*

When analyzing a jury charge issue, we must first decide whether error exists. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003); *Valdez v. State*, 211 S.W.3d

---

[2]We use the mother's initials to protect the identity of the child.

395, 397 (Tex. App.—Eastland 2006, no pet.). If error exists, we analyze that error for harm. When, as here, a defendant fails to object to the charge, the reviewing court will not reverse unless the error was so egregious, and created such harm, that the defendant has not had a fair trial. *Warner v. State*, 245 S.W.3d 458, 461 (Tex. Crim. App. 2008); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985); *Martinez v. State*, 190 S.W.3d 254, 259 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). To satisfy the egregious harm standard, the record must show that a defendant has suffered actual, rather than merely theoretical, harm from the jury instruction error. *Almanza*, 686 S.W.2d at 174; *Martinez*, 190 S.W.3d at 259. Errors that result in egregious harm are those that affect the very basis of the case, deprive a defendant of a valuable right, or vitally affect a defensive theory. *Ngo v. State*, 175 S.W.3d 738, 750 (Tex. Crim. App. 2005); *Valdez*, 211 S.W.3d at 398.

Texas law requires a unanimous jury verdict in felony criminal cases. TEX. CONST. art. V, § 13; *Stuhler v. State*, 218 S.W.3d 706, 716 (Tex. Crim. App. 2007); *Ngo*, 175 S.W.3d at 745. Unanimity in this context means that each and every juror agrees that the defendant committed the same, single, specific, criminal act. *Ngo*, 175 S.W.3d at 745. When the State charges an individual with different criminal acts, regardless of whether those acts constitute violations of the same or different statutory provisions, the jury must be instructed that it cannot return a guilty verdict unless it unanimously agrees upon the commission of any one of the criminal acts. *Ngo*, 175 S.W.3d at 744. The unanimity requirement is undercut when a jury risks convicting the defendant on different acts, instead of agreeing on the same act for a conviction. *Francis v. State*, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000).

In this case, the trial court did not instruct the jury that it had to unanimously agree on the commission of one specific criminal act. Instead, as in *Ngo*, the word "unanimously" was used in the charge only in the "boilerplate" section relating to selecting a jury foreman: "It is [the foreman's] duty to preside at your deliberations, vote with you, and when you have unanimously agreed upon a verdict, to certify to your verdict by . . . signing the same as Foreman." *See Ngo*, 175 S.W.3d at 745.

Appellant contends that the jury charge allowed his conviction on a less-than-unanimous verdict on Count One (sexual assault of a child) and Count Two (indecency with a child). In his first issue, he argues that his right to a unanimous jury verdict on Count One was violated by the trial court's disjunctive submission of two distinct sexual assault offenses. In his second and

4

third issues, he argues that his right to unanimous jury verdicts on Counts One and Two was violated by the trial court's failure to instruct the jury that it could not return a guilty verdict unless it unanimously agreed that appellant committed one specific criminal act. Appellant contends that such a unanimity instruction was required on Counts One and Two because the State presented evidence that appellant sexually assaulted Jackson on two different dates.

In Count One, the State charged appellant with sexual assault of a child younger than seventeen years of age under Section 22.011 of the Penal Code. TEX. PENAL CODE ANN. § 22.011 (Vernon Supp. 2010). Section 22.011(a)(2)(A) provides that a person commits an offense if the person intentionally or knowingly "causes the penetration of the . . . sexual organ of a child by any means." Section 22.011(a)(2)(C) provides that a person commits an offense if the person intentionally or knowingly "causes the sexual organ of a child to contact or penetrate the . . . sexual organ of another person, including the actor." In this case, the first paragraph of Count One of the indictment alleged a "contact" offense under Section 22.011(a)(2)(C), and the second paragraph of Count One of the indictment alleged a "penetration" offense under Section 22.011(a)(2)(A).

In his first issue, appellant contends that the trial court erred by charging the "contact" offense and the "penetration" offense in the disjunctive. The trial court instructed the jury on Count One as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 30th day of November, 2005, in the County of Tarrant and State of Texas, [appellant] did then and there intentionally or knowingly cause the sexual organ of [Jackson], a child younger than 17 years of age who was not the spouse of [appellant] to contact the penis of [appellant]; or if you find from the evidence beyond a reasonable doubt that on or about the 30th day of November, 2005, in the County of Tarrant and State of Texas, [appellant] did then and there intentionally or knowingly cause the penetration of the female sexual organ of [Jackson], a child younger than 17 years of age who was not the spouse of [appellant], by inserting his penis into her female sexual organ, then you will find [appellant] guilty of the offense of sexual assault as charged in Count One of the indictment.

> Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit [appellant] of the offense of sexual assault as charged in Count One of the indictment and say by your verdict "Not Guilty."

Appellant contends that, because the charge allowed a conviction if the jury found that appellant caused Jackson's sexual organ to contact his penis or that appellant caused the

penetration of Jackson's sexual organ with his penis, the charge permitted a conviction on a less-than-unanimous verdict. Thus, appellant asserts that the charge permitted the jury to convict him without reaching a consensus as to which paragraph of Count One the State had proven beyond a reasonable doubt. However, an allegation of "penetration" of a sexual organ with the penis overlaps an allegation of "contact" of the sexual organ with the penis because penetration of the genitals necessarily includes contact. *Vick v. State*, 991 S.W.2d 830, 834 n.2 (Tex. Crim. App. 1999); *Santee v. State*, 247 S.W.3d 724, 728 (Tex. App.—Houston [1st Dist.] 2007, no pet.). In such cases, the "contact" allegation is subsumed within the "penetration" allegation. *Patterson v. State*, 152 S.W.3d 88, 92 (Tex. Crim. App. 2004); *Valdez*, 211 S.W.3d at 400; *Hendrix v. State*, 150 S.W.3d 839, 848 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). Thus, a jury that finds a defendant guilty of penetration of a female's sexual organ with his penis necessarily has determined unanimously that the defendant contacted the female's sexual organ with his penis. *Santee*, 247 S.W.3d at 728.

The allegation that appellant caused Jackson's sexual organ to contact his penis is subsumed within the allegation that appellant caused the penetration of her sexual organ with his penis. *Patterson*, 152 S.W.3d at 92; *Valdez*, 211 S.W.3d at 400; *Hendrix*, 150 S.W.3d at 848. The State presented overwhelming evidence that appellant penetrated Jackson's sexual organ with his penis. Based on the evidence, we conclude that all of the jurors would have found that appellant penetrated Jackson's sexual organ with his penis. However, for the purpose of our analysis, we will assume that some of the jurors believed that appellant was guilty of penetration and the other jurors believed he was guilty of contact but not penetration. Every juror who believed that appellant penetrated Jackson's sexual organ also necessarily believed that antecedent contact had occurred. *Valdez*, 211 S.W.3d at 400. Therefore, all the jurors necessarily agreed that contact had occurred. The trial court's disjunctive submission of the "contact" and "penetration" offenses did not result in the possibility of a non-unanimous verdict. Appellant's first issue is overruled.

Jackson testified that appellant sexually assaulted her on two occasions. She said that the videotape depicted the first time that she had sex with appellant. She said that she had sex with appellant a second time about two weeks later. In his second issue, appellant contends that the trial court erred by failing to instruct the jury that it could not return a guilty verdict unless it unanimously agreed that he sexually assaulted her on one specific occasion. Appellant asserts

6

that "it is highly likely that half of the jury convicted [him of sexual assault] on the first incident and half convicted on the second offense." The trial court erred by failing to instruct the jury on the unanimity requirement. *Ngo*, 175 S.W.3d 747-48. Because the submission of Count One did not include a unanimity instruction, the charge allowed for a conviction on a less-than-unanimous verdict. For example, as appellant contends, the charge allowed for a conviction on Count One if six jurors believed that appellant sexually assaulted Jackson on the first occasion and the other six jurors believed that he sexually assaulted her on the second occasion.

Having found error, we must determine whether appellant suffered egregious harm from that error. To determine whether a defendant has sustained egregious harm, we consider (1) the entire charge; (2) the state of the evidence, including contested issues; (3) arguments of counsel; and (4) any other relevant information. *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996); *Martinez*, 190 S.W.3d at 259-60. In this case, the State presented overwhelming, uncontested evidence that appellant sexually assaulted Jackson. Jackson testified that she had sex with appellant on two occasions. She said that, on both occasions, appellant penetrated her sexual organ with his penis. She said that the videotape showed the first occasion that she had sex with appellant. A copy of the videotape was admitted into evidence and viewed by the jury. Based on the state of the evidence, we conclude that each of the jurors would have found that appellant sexually assaulted Jackson on the first occasion. Jackson's testimony that she had sex with appellant on the second occasion was unchallenged. Considering Jackson's unchallenged testimony, we conclude that each of the jurors also would have found that appellant sexually assaulted her on the second occasion. Thus, we cannot conclude that the error in the jury charge actually denied appellant his right to a unanimous jury verdict on Count One. *Martinez*, 190 S.W.3d at 261-62.[3] The record does not show that appellant suffered actual harm from the error. Appellant's second issue is overruled.

In his third issue, appellant contends that the trial court erred by failing to instruct the jury that it could not return a guilty verdict on Count Two (indecency with a child) unless it unanimously agreed that appellant committed one specific criminal act. In Count Two, the State charged appellant with indecency with a child under Section 21.11 of the Penal Code. TEX. PENAL CODE ANN. § 21.11 (Vernon Supp. 2010). A person commits the offense of indecency

---

[3]We are aware of the opinion in *Cosio v. State*, 318 S.W.3d 917 (Tex. App.—Corpus Christi 2010, pet. granted). Our analysis reveals that the facts in *Cosio* are markedly different from the facts before us in the instant case. As such, *Cosio* is distinguishable from this case.

with a child if he engages in sexual contact with a child who is younger than seventeen years of age. *Id.* § 21.11(a)(1). "Sexual contact" includes the act of "any touching . . . of . . . any part of the genitals of a child" if "committed with the intent to arouse or gratify the sexual desire of any person." *Id.* § 21.11(c)(1). The indictment alleged that appellant engaged in sexual contact by touching Jackson's genitals. The trial court instructed the jury on Count Two as follows:

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 30th day of November 2005, in the County of Tarrant and State of Texas, [appellant] did then and there intentionally, with the intent to arouse or gratify the sexual desire of [appellant], engage in sexual contact by touching the genitals of [Jackson], a child younger than 17 years and not the spouse of [appellant], then you will find [appellant] guilty of the offense of indecency with a child as charged in Count Two of the indictment.
>
> Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit [appellant] of the offense of indecency with a child as charged in Count Two of the indictment and say by your verdict "Not Guilty."

Appellant asserts that the charge allowed his conviction on a less-than-unanimous verdict on Count Two because the State presented evidence of "two instances of sexual contact" between him and Jackson.

The State did not present evidence that appellant touched Jackson's genitals on two occasions. Jackson testified that appellant touched her genitals with his fingers on the first occasion that they had sex. She said that appellant was "touching it, rubbing it, feeling." The "touching" is depicted in the videotape. Jackson said that appellant did not touch her sexual organ with his hand or fingers the second time that they had sex. Because the State presented evidence of only one act of touching, the danger of a non-unanimous verdict on Count Two did not exist. Therefore, the trial court did not err by failing to instruct the jury that it had to return a unanimous verdict on Count Two. Appellant's third issue is overruled.

*Sufficiency of the Evidence on Counts Three and Four*

In his fourth and fifth issues, appellant challenges the legal and factual sufficiency of the evidence to support his convictions on Count Three (sexual performance by a child) and Count Four (possession with intent to promote child pornography). *See* TEX. PENAL CODE ANN. § 43.25 (Vernon Supp. 2010), § 43.26 (Vernon 2003). Specifically, appellant contends that the evidence was legally and factually insufficient to establish that he knew Jackson was under the

age of eighteen years.[4] We note at the outset of our analysis that the Texas Court of Criminal Appeals has now held in *Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010), that there is "no meaningful distinction between the *Jackson v. Virginia*[5] legal-sufficiency standard and the *Clewis*[6] factual-sufficiency standard"; that the *Jackson v. Virginia* standard is the "only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt"; and that "[a]ll other cases to the contrary, including *Clewis*, are overruled." *Brooks*, 323 S.W.3d at 895, 902, 912 (footnotes added). Accordingly, a challenge to the factual sufficiency of the evidence is no longer viable. We also note that appellant did not have the benefit of the opinion in *Brooks* when this case was briefed. We will review appellant's sufficiency challenges under the legal sufficiency standard set forth in *Jackson v. Virginia*. Under this standard, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307; *Brooks*, 323 S.W.3d at 899.

Jackson testified that appellant was aware of her age. She said that appellant knew she was a sophomore in high school. She also said that appellant gave her a ride to school after they had sex the second time. The evidence is legally sufficient to establish that appellant knew Jackson was under the age of eighteen years. Appellant's fourth and fifth issues are overruled.

### *Double Jeopardy*

In his sixth and seventh issues, appellant contends that his convictions for sexual assault in Count One and indecency with a child in Count Two violate the double jeopardy clauses of the federal and state constitutions. The Double Jeopardy Clause of the Fifth Amendment to the United State Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. Among the protections afforded by this provision is the protection from multiple punishments for the same offense. *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006). Greater and lesser included offenses are the

---

[4]Appellant does not challenge the sufficiency of the evidence to support his convictions for sexual assault of a child (Count One) and indecency with a child (Count Two). With respect to Counts One and Two, the State was required to prove that Jackson was under seventeen years old but was not required to prove that appellant knew she was under seventeen years old. *Johnson v. State*, 967 S.W.2d 848, 849-50 (Tex. Crim. App. 1998); *Vasquez v. State*, 622 S.W.2d 864, 865 (Tex. Crim. App. 1981); *Grice v. State*, 162 S.W.3d 641, 646 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

[5]*Jackson v. Virginia*, 443 U.S. 307 (1979).

[6]*Clewis v. State*, 922 S.W.2d 126 (Tex. Crim. App. 1996).

9

"same" offense for double jeopardy purposes. *Ex parte Amador*, 326 S.W.3d 202, 205 (Tex. Crim. App. 2010); *Parrish v. State*, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994); *McCrary v. State*, 327 S.W.3d 165, 173 (Tex. App.—Texarkana 2010, no pet.). Thus, convictions of both the greater offense and the lesser included offense arising out of the same act violate the multiple punishment prohibition contained in the Double Jeopardy Clause. *Murray v. State*, 24 S.W.3d 881, 889 (Tex. App.—Waco 2000, pet. ref'd); *Hutchins v. State*, 992 S.W.2d 629, 633 (Tex. App.—Austin 1999, pet. ref'd, untimely filed). Article I, section 14 of the Texas Constitution provides the same double jeopardy protections as the United States Constitution. TEX. CONST. art. I, § 14; *Stephens v. State*, 806 S.W.2d 812, 814-15 (Tex. Crim. App. 1990); *Hiatt v. State*, 319 S.W.3d 115, 125 (Tex. App.—San Antonio 2010, pet. ref'd).

In this case, the indecency-with-a-child count (Count Two) in the indictment alleged that appellant engaged in sexual contact by touching Jackson's genitals. Neither the indictment nor the jury charge limited the manner and means of the touching to touching with the fingers or the hand. Because the indictment and the charge did not limit the jury to consider only touching with the fingers, appellant asserts that the charge allowed the jury to convict appellant of indecency with a child if it believed that appellant touched Jackson's genitals with his penis. Penile contact with the genitals in the course of penile penetration is subsumed within the greater penetration offense. *Patterson*, 152 S.W.3d at 92. Therefore, appellant contends that, as alleged in the indictment, the indecency-with-a-child offense is a lesser included offense of the penetration offense alleged in Count One of the indictment. Based on this contention, appellant argues that double jeopardy bars a conviction for the offense of indecency with a child.

The record shows that the jury would not have convicted appellant of touching Jackson's genitals with his penis. The evidence about "touching" was clear and concise. Jackson testified that appellant touched her genitals with his fingers one time. She said that appellant touched, rubbed, and felt her sexual organ. The State sought a conviction for indecency with a child based on appellant touching Jackson's genitals with his fingers. Based on the evidence, the jury would have convicted appellant of touching Jackson's genitals with his fingers. Appellant's act of touching Jackson's genitals with his fingers was a separate and distinct criminal act from his act of contacting her sexual organ with his penis. *Bottenfield v. State*, 77 S.W.3d 349, 358 (Tex. App.—Fort Worth 2002, pet. ref'd); *Murray*, 24 S.W.3d at 889; *Hutchins*, 992 S.W.2d at 633. On these facts, indecency with a child is not a lesser included offense of sexual assault. *Murray*,

24 S.W.3d at 889. The offenses are not the "same" for double jeopardy purposes. *Id.*; *Hutchins*, 992 S.W.2d at 633. Appellant's convictions on Counts One and Two do not constitute multiple punishments for the same offense. Therefore, no double jeopardy violation has occurred. Appellant's sixth and seventh issues are overruled.

*This Court's Ruling*

We affirm the judgments[7] of the trial court.

TERRY McCALL

JUSTICE

April 28, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[8] consists of: Wright, C.J.,
McCall, J., and Hill, J.[9]

---

[7]The trial court entered a separate judgment on each count.

[8]Rick Strange, Justice, resigned effective April 17, 2011. The justice position is vacant pending appointment of a successor by the governor.

[9]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.