**Thanh Cuong NGO, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–03–00207–CR.**

Court of Appeals of Texas, Eastland.

Feb. 19, 2004.

Peter Adams,Houston, Elizabeth L. DeRieux, Elizabeth L. Derieux, P.C., Longview, for appellant.

Charles Rosenthal, Jr., District Attorney, Donald W. Rogers, Assistant Houston, for appellee.

Panel consists of: W.G. ARNOT, III, C.J., and WRIGHT, J., and McCALL, J.

### Opinion

W.G. ARNOT, III, Chief Justice.

The jury convicted Thanh Cuong Ngo of the offense of credit card abuse and assessed his punishment at confinement in a state jail facility for 2 years and a fine of $3,500. We reverse and remand.

In his sole issue on appeal, appellant asserts that his right to a unanimous verdict was violated by the disjunctive submission in the jury charge of two or more separate offenses. We agree.

Before addressing appellant's issue, we must determine if it was preserved for

review. The State asserts that appellant waived this issue when defense counsel affirmatively stated that the defense had no objections to the jury charge. The State relies on *Ly v. State*, 943 S.W.2d 218, 221 (Tex.App.-Houston [1st Dist.] 1997, pet'n ref'd), and *Reyes v. State*, 934 S.W.2d 819, 820 (Tex.App.-Houston [1st Dist.] 1996, pet'n ref'd), in support of its contention. However, some of our other sister courts have addressed this issue and concluded that jury charge error cannot be waived and that it must be addressed under *Almanza*[1] despite an affirmative statement that the defendant had no objections to the jury charge. *Ponce v. State*, 89 S.W.3d 110, 117 (Tex.App.-Corpus Christi 2002, no pet'n); *Vosberg v. State*, 80 S.W.3d 320, 322 (Tex.App.-Fort Worth 2002, pet'n ref'd); *Webber v. State*, 29 S.W.3d 226, 232–35 (Tex.App.-Houston [14th Dist.] 2000, pet'n ref'd). We agree with the reasoning of the courts in *Webber*, *Vosberg*, and *Ponce*. Like the court in *Webber*, we fail to see any meaningful distinction, in the context of *Almanza*, between a failure to object and an affirmative approval of the jury charge. *See Webber v. State*, supra at 233. Consequently, we will address the merits of appellant's issue.

■ The indictment in this case contained three separate paragraphs charging appellant with credit card abuse. In the first paragraph, appellant was charged with knowingly and intentionally stealing a credit card. TEX. PENAL CODE ANN. § 32.31(b)(4) (Vernon Supp.2004). The second paragraph alleged that appellant knowingly and intentionally received a credit card with the intent to use it, knowing that it had been stolen. Section 32.31(b)(4). In the third paragraph, appellant was charged with using and presenting a credit card with the intent to obtain a benefit fraudulently and with the knowledge that such use was without the effective consent of the cardholder. TEX. PENAL CODE ANN. § 32.31(b)(1) (Vernon Supp.2004).

The jury charge instructed the jurors to find appellant guilty if they found beyond a reasonable doubt that appellant committed credit card abuse as charged in any one of the paragraphs of the indictment.[2] The charge did not require that the jurors unanimously agree upon any one of the three alternate theories. Thus, as noted by appellant, some of the jurors could have found appellant guilty of credit card abuse for stealing or receiving the credit card and some of the jurors could have found appellant guilty of credit card abuse for presenting the credit card with the intent to fraudulently obtain a benefit.

---

1. *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr. App.1985).

2. Specifically, the application portion of the jury charge reads in relevant part as follows:

Now, if you find from the evidence beyond a reasonable doubt that [appellant] on or about the 13th day of December, 2002, did then and there unlawfully, intentionally or knowingly steal a credit card owned by the card holder, Hong Truong, with intent to deprive the cardholder of the property and without the effective consent of the cardholder; *or*

If you find from the evidence beyond a reasonable doubt that [appellant] on or about the 13th day of December, 2002, did then and there unlawfully and knowingly receive with intent to use a credit card owned by card holder, Hong Truong, knowing the credit card had been stolen; *or*

If you find from the evidence beyond a reasonable doubt that [appellant] on or about the 13th day of December, 2002, with intent to obtain a benefit fraudulently, did use or present to [H]anh Nguyen a credit card knowing the use was without the effective consent of the cardholder, Hong Truong, namely without consent of any kind, and knowing that the credit card had not been issued to the defendant, *then you will find [appellant] guilty as charged in the indictment.* (Emphasis added)

■ A jury verdict in a felony case is required to be unanimous under both the constitution and statutory law of Texas. TEX. CONST. art. V, § 13; TEX. CODE CRIM. PRO. ANN. art. 36.29(a) (Vernon Supp.2004). A unanimous jury verdict "ensures that the jury agrees on the factual elements underlying an offense," which requires "more than mere agreement on a violation of a statute." *Francis v. State,* 36 S.W.3d 121, 125 (Tex.Cr.App.2000). A trial court may submit a disjunctive jury charge and obtain a general verdict where the alternate theories involve the commission of the "same offense." *Francis v. State, supra* at 124; *Kitchens v. State,* 823 S.W.2d 256, 258 (Tex.Cr.App.1991), *cert. den'd,* 504 U.S. 958, 112 S.Ct. 2309, 119 L.Ed.2d 230 (1992). However, because of the possibility of a non-unanimous jury verdict, "separate offenses" may not be submitted to the jury in the disjunctive. *Francis v. State, supra* at 124–25. Thus, we must determine whether the jury charge in this case merely charged alternate theories of committing the same offense or whether the jury charge included two or more separate offenses charged disjunctively.

Although a conviction under any of the three paragraphs would be a conviction for credit card abuse, the offense of using or presenting the credit card under Section 32.31(b)(1) is not the same offense as stealing or receiving a stolen credit card under Section 32.31(b)(4). The elements of an offense under Section 32.31(b)(1) are separate and distinct from the elements of an offense under Section 32.31(b)(4). TEX. PENAL CODE ANN. § 32.31(b) (Vernon Supp.2004) provides in relevant part that a person commits an offense if: "(1) with intent to obtain a benefit fraudulently, he presents or uses a credit card" knowing that the card is not issued to him and is not used with the effective consent of the cardholder *or* "(4) he steals a credit card

... or, with knowledge that it has been stolen, receives a credit card ... with intent to use it." We conclude that the jury charge erroneously instructed the jury in the disjunctive to find appellant guilty if it found that he committed an offense under Section 32.31(b)(1) or an offense under Section 32.31(b)(4) because the act of stealing or receiving the credit card did not constitute the "same offense" as the act of fraudulently using or presenting the credit card for a benefit.

■ Finding error in the charge, we must determine whether that error is reversible under the standards announced in *Almanza.* Because appellant did not properly preserve the jury charge error by bringing it to the attention of the trial court, we must review the entire jury charge, the state of the evidence, the arguments of counsel, and any other relevant information in order to determine whether the error was so egregious that appellant was denied a fair and impartial trial. TEX. CODE CRIM. PRO. ANN. art. 36.19 (Vernon 1981); *Almanza v. State, supra* at 171. An error results in egregious harm if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Hutch v. State,* 922 S.W.2d 166, 171 (Tex.Cr.App. 1996); *Almanza v. State, supra* at 172.

Upon reviewing the entire jury charge, we note again that it allowed a conviction upon a non-unanimous verdict. During closing argument, the prosecutor stated:

I have all the ways that we can prove it. You know, he even testified that, you know, he received the credit card from someone else.

I don't know how, you know—I don't know if I proved all three or one or two or all—I have no idea. You know, what I do know is that for sure the credit card, he had no right to use it. That's

clear. And that he tried to present it and it was presented to Mr. Nguyen. And he was trying to get something for it. That's clear.

Furthermore, the state of the evidence reveals that there were contested issues at trial. Hong Truong testified that her credit cards had been stolen when her apartment was burglarized in November 2002. Truong had previously seen appellant walking through her apartment complex and had spoken to him. Twice before the burglary, appellant had knocked on her door in the middle of the night, but Truong did not answer her door. Truong identified State's Exhibit Nos. 1–21 as her credit cards, and she testified that she had not given anyone consent to use them. Hanh Nguyen, who happened to be Truong's ex-husband, testified that on December 13, 2002, appellant presented Truong's credit card to Nguyen in an attempt to pay his tab for beer at the bar that Nguyen was managing. Nguyen telephoned Truong to inquire about the credit card. According to Nguyen, appellant subsequently pulled out a "stack" of credit cards and asked Nguyen which one he could use. Police were summoned to the bar, and appellant was arrested. A "stack of credit cards" was retrieved from the pocket of appellant's jacket. Appellant testified that he was from Vietnam and knew nothing about credit cards, that he was not attempting to use the credit card to pay for anything, that he had paid cash for his beer, that he had received the credit cards from a friend, and that he was only trying to return the credit cards to Nguyen as requested by his friend.

In light of the erroneous jury charge, the closing arguments, and the state of the evidence, we must hold that the error in the jury charge is egregious because it deprived appellant of his right to a unanimous jury verdict and, thus, denied appellant a fair and impartial trial. *See Hisey*

*v. State*, 129 S.W.3d 649, No. 01–02–00555–CR, 2004 WL 36246 (Tex.App.-Houston [1st Dist.] January 8, 2004, no pet'n h.); *Clear v. State*, 76 S.W.3d 622 (Tex.App.-Corpus Christi 2002, no pet'n). Appellant's issue is sustained.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.