Opinion issued January 12, 2006
















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01250-CR
____________

JOSE ROLANDO MARTINEZ, Appellant

V.

THE STATE OF TEXAS, Appellee



 
On Appeal from the 208th District Court
Harris County, Texas 
Trial Court Cause No. 1004543
 

 
 
O P I N I O N
          We withdraw our December 1, 2005 opinion, substitute this opinion in its
place, and vacate our December 1, 2005 judgment.


 A jury found appellant, Jose
Rolando Martinez, guilty of the offense of aggravated sexual assault of a child


 and
assessed his punishment at confinement for 50 years. In two issues, appellant
contends that the trial court erred in submitting a jury charge that allowed a
conviction upon a disjunctive finding between two separate offenses and in failing
to give the jury the required burden of proof instructions regarding extraneous offense
evidence. We affirm.  
Factual Background
          Fabiola Valdez, the complainant’s mother, testified that she lived together with
appellant and her daughter from another relationship, the three-year-old complainant. 
When Valdez left for work on the morning of September 14, 2003, appellant was
asleep in his bed in the bedroom that he shared with Valdez, and the complainant was
asleep in her bedroom. Valdez returned home about 15 to 30 minutes later after
realizing that she did not have breakfast food for the children. Upon her return,
Valdez did not find the complainant in her own bed. When Valdez then went into the
bedroom that she shared with appellant, she found appellant in bed with the sheets
covering him “all over to his head.” Valdez pulled the sheets off of appellant and saw
that he was on top of the complainant. The complainant’s dress was pulled up to her
waist, she was not wearing any panties, and appellant’s erect penis was protruding out
of his boxers. Appellant looked frightened and stated that he did not think that
Valdez was coming back home and “[he] didn’t know what [he] was thinking.”
          Dr. Margaret McNeese testified that she examined the complainant about four
hours after the assault and that the complainant told her that “Roland”


 touched her
vagina and anus with his hands and his genitals “many times.” McNeese saw that a
portion of the complainant’s hymen was missing and that the tissue around the hymen
was “very red, intensely red.” McNeese also saw that the complainant’s anus was
“open and gaping and very, very red.” McNeese explained that these injuries were
“clearly less than 24 hours old.” 
The Jury Charge 
          In his first issue, appellant argues that the trial court’s charge to the jury
violated his right to a unanimous jury verdict because the charge allowed a conviction
upon a disjunctive finding between two separate offenses, i.e., the contact of his
sexual organ with either the sexual organ or anus of the complainant. 
          In analyzing a jury charge issue, our first duty is to decide whether error exists. 
Middleton v. State, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003). If we find error,
we then analyze that error for harm. Id. The degree of harm necessary for reversal
depends on whether the defendant preserved the error by objection. Id. Reversal is
required for a jury charge error when the defendant has properly objected to the
charge and we find “some harm” to his rights. Almanza v. State, 686 S.W.2d 157,
171 (Tex. Crim. App. 1985). When the defendant fails to object or states that he has
no objection to the charge, we will not reverse for jury-charge error unless the record
shows “egregious harm” to the defendant. Bluitt v. State, 137 S.W.3d 51, 53 (Tex.
Crim. App. 2004); Almanza, 686 S.W.2d at 171. Thus, we review alleged charge
error by considering: (1) whether error existed in the charge; and (2) whether
sufficient harm resulted from the error to compel reversal. See Posey v. State, 966
S.W.2d 57, 60 & n.5 (Tex. Crim. App. 1998). 
Error in Jury Charge
          The application paragraph of the trial court’s charge to the jury read, in
pertinent part, as follows:
 
Now, if you find from the evidence beyond a reasonable doubt
that on or about the 14th day of September, 2003. . . Jose R. Martinez,
did then and there unlawfully, intentionally or knowingly cause the
sexual organ of [complainant] . . . to contact the sexual organ of the
defendant; or if you find. . . Jose R. Martinez did then and there
unlawfully, intentionally or knowingly cause the anus of [complainant]
. . . to contact the sexual organ of the defendant, then you will find the
defendant guilty as charged in the indictment. 

(emphasis added). The jury returned a verdict of “guilty.” Appellant argues that the
charge denied him his right to a unanimous jury verdict because some jurors may
have believed that he only contacted the complainant vaginally while others may have
believed that he only contacted the complainant anally. 
           Texas law requires a unanimous jury verdict in felony criminal cases. Tex.
Const., art. V, § 13; Tex. Code Crim. Proc. Ann. art. 36.29(a) (Vernon Supp.
2004–2005); see also Molandes v. State, 571 S.W.2d 3, 4 (Tex. Crim. App. 1978)
(discussing constitutional right to unanimous verdict in felony cases). The unanimity
requirement is a complement to and helps in effectuating the “beyond a reasonable
doubt” standard of proof. See United States v. Gipson, 553 F.2d 453, 457 n.7 (5th
Cir. 1977). When the State charges different criminal acts, regardless of whether
those acts constitute violations of the same or different statutory provisions, the jury
must be instructed that it cannot return a guilty verdict unless it unanimously agrees
upon the commission of any one of the criminal acts. Francis v. State, 36 S.W.3d
121, 125 (Tex. Crim. App. 2000). A jury must unanimously agree on each “element”
of the offense in order to convict, but need not agree on all the “underlying brute facts
[that] make up a particular element.” Richardson v. United States, 526 U.S. 813, 817,
119 S.Ct. 1707, 1710 (1999). 
          A person commits the offense of aggravated sexual assault of a child if the
person intentionally or knowingly:
(i) causes the penetration of the anus or female sexual organ
of a child by any means;
(ii) causes the penetration of the mouth of a child by the sexual
organ of the actor;
(iii) causes the sexual organ of a child to contact or penetrate
the mouth, anus, or sexual organ of another person,
including the actor; or
(iv) causes the anus of a child to contact the mouth, anus, or
sexual organ of another person, including the actor.
Tex. Pen. Code Ann. § 22.021(a)(1)(B) (Vernon Supp. 2004–2005). When a jury
is charged with alternative theories of committing the same offense, it is appropriate
for the jury to return a general verdict if the evidence is sufficient to support a finding
under any of the theories submitted. Kitchens v. State, 823 S.W.2d 256, 258 (Tex.
Crim. App. 1991). However, charging on alternative theories differs from charging
on separate offenses involving separate incidents. Martinez v. State, 129 S.W.3d 101,
103 (Tex. Crim. App. 2004). The Texas Court of Criminal Appeals’ decision in Vick
v. State noted that “each section [under section 22.021] usually entails different and
separate acts to commit the various, prohibited conduct.” 991 S.W.2d 830, 833 (Tex.
Crim. App. 1999). In Vick, the court concluded that “this specificity reflect[ed] the
legislature’s intent to separately and distinctly criminalize any act which constitut[ed]
the proscribed conduct.” Id. Thus, although the same section, 22.021(a)(1)(B),
prohibits contact with both a child’s sexual organ, subsection (iii), and anus,
subsection (iv), the section describes two separate and distinct acts. See Vick, 991
S.W.2d 830, 833 (“Section 22.021 is a conduct-oriented statute; it uses the
conjunctive ‘or’ to distinguish and separate different conduct.”). Thus, in this case,
the jury charge submitted two distinct criminal offenses. 
          Presented disjunctively, the charge permitted the jury to convict appellant of
the offense of aggravated sexual assault of a child if it found that appellant had sexual
contact either with the sexual organ or anus of the complainant. The court of
criminal appeals has recently stated that if such disjunctive paragraphs contain
different criminal acts, then a jury must be instructed that it cannot return a guilty
verdict unless it agrees unanimously that the defendant committed one of the acts. 
Ngo v. State, No. PD-0504-04, 2005 WL 600353, at *3 (Tex. Crim. App. March 16,
2005) (designated for publication); see also Francis, 36 S.W.3d at 125 (holding jury
charge that allows for non-unanimous verdict concerning what specific criminal act
defendant committed is error). Accordingly, we hold that the trial court erred in
allowing a conviction upon a disjunctive finding between two separate offenses. See
Ngo, 2005 WL 600353, at *6; Hendrix v. State, 150 S.W.3d 839, 848–49. (Tex.
App.—Houston [14th Dist.] 2004, no pet.); In re M.P., 126 S.W.3d 228, 231 (Tex.
App.—San Antonio 2003, no pet.). 
Egregious Harm
          Having found error in the court’s charge, we must determine whether sufficient
harm resulted from the error to require reversal. Where, as here, a defendant fails to
object to or states that he has no objection to the charge, we will not reverse unless
the error was so egregious and created such harm that appellant has not had a fair
trial. Almanza, 686 S.W.2d at 157. Appellant asserts that he “lost a valuable right”
when the trial court submitted separate offenses in the jury charge and did not require
a consensus as to which offense he had committed. Appellant argues that this was
harmful error in his case because the jury charge “enabled the jury to possibly return
a non-unanimous guilty verdict.” 
          Under the Almanza egregious harm standard, the record must show that a
defendant has suffered actual, rather than merely theoretical, harm from jury
instruction error. 686 S.W.2d at 174. Egregious harm consists of errors affecting the
very basis of the case or that deprive the defendant of a valuable right, vitally affect
a defensive theory, or make the case for conviction or punishment clearly and
significantly more persuasive. Saunders v. State, 817 S.W.2d 688, 692 (Tex. Crim.
App. 1991). Egregious harm is a difficult standard to prove and must be determined
on a case-by-case basis. Ellison v. State, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002). 
To determine whether a defendant has sustained egregious harm from a non-objected-to instruction, we consider (1) the entire charge; (2) the state of the evidence,
including contested issues; (3) arguments of counsel; and (4) any other relevant
information. Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996). 
          In Ngo v. State, the Eastland Court of Appeals held that a trial court’s error in
permitting a jury charge that allowed a conviction upon a disjunctive finding between
three separate offenses to be egregious error under Almanza because: (1) the jury
charge permitted a non-unanimous verdict; (2) during its closing argument, the State
forthrightly told the jury that it need not be unanimous in its verdict; and (3) “there
were contested issues at trial.” 129 S.W.3d 198, 201–02 (Tex. App.—Eastland 2004),
aff’d, 2005 WL 600353 (Tex. Crim. App. 2005). In affirming the holding, the court
of criminal appeals agreed with the court of appeals’ findings but emphasized that
“there was more.” Ngo, 2005 WL 600353, at *6. The court noted that during voir
dire, the State, with respect to three disjunctively joined credit card abuse offenses,
told jurors
[I]f three of you . . . feel like he stole the credit card and used it, six of
you think that he received it and three of you think he presented it, it
doesn’t matter which one you think he did. It can be a mix and match,
whichever one you believe.

Ngo, 2005 WL 600353, at *7. Moreover, the Court found that during the defendant’s
voir dire, when defense counsel attempted to assert that the State must prove all three
criminal acts, the State objected, and the trial court told the jurors 
There’s three ways alleged that the offense can be committed. . . . [T]he
State may prove one to the satisfaction of part of the jury, another one
to the satisfaction of others, the third one to the satisfaction of another
part of the jury. 

Id. Thus, in addition to the trial court’s and State’s misstatements at the very end of
the trial, the court recognized that both the State and the trial court had also misstated
the law at the very beginning of the case. Id. The court noted that, “the jury was
affirmatively told, on three occasions, twice by [the State] and once by the trial judge,
that it need not return a unanimous verdict.” Id. 
          Here, our review of the record reveals that the State, during its voir dire
examination of the venire panel, briefly commented on the trial court’s reading of the
indictment as follows: 
[N]otice how the judge read two paragraphs. What the laws says [sic]
is all I have to prove is one of those. In fact, it’s a little bit different in
that six of y’all may think he contacted the anus and six of y’all may
think he contacted the female sexual organ, as long as the 12 of you
agree one of those happened, then you can convict. That’s why it’s the
two pleadings. . . . [A]ll I have to prove is one of them.
Beyond the State’s statement during voir dire, our review of the record shows that
there was no other comment by the State, the trial court, or the defense regarding the
disjunctive jury charge. Furthermore, early in the voir dire, the trial court stated to
the prospective jurors, “[Y]ou all have to agree for there to be a verdict. . . . You all
have to be in agreement.” The six-page jury charge, although containing the
disjunctively joined application paragraphs, also instructed the jury that “no person
may be convicted of an offense unless each element of the offense is proved beyond
a reasonable doubt.” The next paragraph re-emphasized, “[t]he prosecution has the
burden of proving the defendant guilty and it must do so by proving each and every
element of the offense charged.” Here, unlike in Ngo, there were at least some
instances where the original jury charge error was ameliorated in another portion of
the charge or by instructions from the trial court. 
          We also examine the arguments of the parties and the evidence presented at
trial. Throughout the trial, the defense strategy involved impugning the credibility
of Valdez and attacking the reliability of the physical evidence. Although conceding
that the DNA recovered from complainant “matched” that of appellant’s, defense
counsel proceeded on a defensive theory that evidence had been mishandled,
manipulated, and/or planted by Valdez or another party in order to free Valdez from
her relationship with appellant. In support, the defense pointed to Valdez’s alleged
promiscuity, her continued voluntary contact with appellant after the alleged sexual
assault, and her possibly coercive influence on the complainant. Defense counsel
also drew the jury’s attention to an unknown third person’s DNA found on a debris
swab taken from the complainant and medical testimony suggesting other possible
causes of the trauma observed on the complainant. At the end of her closing
argument, defense counsel said to the jury, “your verdict sheet is very short, I’m
going to ask you to find [appellant] not guilty of the aggravated sexual assault of a
child that he has been charged with.” Appellant did not attack the veracity of the
complainant’s outcry about one allegation in a manner different from the other outcry,
nor did he attack the physical evidence supporting one allegation differently than he
attacked such evidence supporting the other allegation. 
          The State’s case emphasized the complainant’s outcry statements, the forensic
evidence, and the eyewitness testimony of Valdez. The evidence of both the anal
contact and the vaginal contact was presented in similar fashion. According to the
report from the Children’s Assessment Center, when asked “where did [appellant]
touch you?,” the complainant responded by pointing to both her vaginal and anal
area. McNeese’s examination of the complainant revealed that both her anus and her
vagina were both very red and showed signs of penetration. The only “difference” in
the evidence regarding the two allegations was the level of certainty with respect to
the DNA sample recovered from the anal swab as compared to the vaginal swab.


 
During its closing, the State attacked appellant’s defensive theory, saying to the jury,
“when you are confronted with overwhelming medical evidence and overwhelming
forensic evidence. . . [t]hen you have to come up with a conspiracy theory, a planting-of-evidence theory.” 
          Considering the evidence, as well as the arguments of the parties, we conclude
that an individual juror would either have found appellant committed the aggravated
sexual assaults or that he had not sexually assaulted the complainant at all. The jury
could have either believed the testimony of the complainant’s mother, Dr. McNeese,
the complainant’s outcry testimony, and the physical evidence, or it could have
accepted appellant’s defensive theory suggesting tampering, manufacturing, and
planting of evidence. There was no reason for any individual juror to differ on
whether appellant had vaginal or anal contact with the complainant. Although a more
precise identification of appellant’s semen from the anal swab sample may have made
a more persuasive case to jurors for conviction on the anal contact allegation as
opposed to the vaginal contact allegation, it does not necessarily follow that the
appellant’s right to a unanimous jury verdict was implicated by stronger evidence of
another mutually non-exclusive offense. 
          In Ngo, in addition to the disjunctive jury charge and the affirmative comments
of the trial court and the State, the court of criminal appeals noted that “under no
theory of the evidence in [the] case, could appellant have committed both the original
theft by burglarizing Ms. Truong’s apartment and have received the stolen credit
cards from someone else.” 2005 WL 600353, at *8 (emphasis in original). But in
this case, the overwhelming evidence supported both charges. This is not a case
where the commission of one offense is mutually exclusive to the commission of a
disjunctively joined offense. 
          In support of his argument that submission of a disjunctive jury charge in an
aggravated sexual assault case constitutes egregious harm, appellant relies on Clear
v. State, 76 S.W.3d 622, 623–24 (Tex. App.—Corpus Christi 2002, no pet.). 
However, in Clear, the State, during its closing argument, emphasized that the jurors
need not be unanimous in their verdict. Id. The Corpus Christi Court of Appeals
concluded that “[g]iven the evidence and this argument by the prosecutor . . . we
cannot determine that the jury was unanimous in finding Clear guilty of either
penetration offense.” Id. at 624. Here, in contrast, beyond the brief statement by the
State during voir dire, there was no other comment or argument made regarding the
disjunctive jury charge. Furthermore, as discussed above, the arguments of the
parties during trial and the state of the evidence in this case demonstrate that
appellant did not suffer egregious harm with respect to the disjunctive jury charge. 
          On these facts, we cannot conclude that the disjunctive jury charge vitally
affected appellant’s defensive theory, or made the case for conviction or punishment
clearly and significantly more persuasive. See Saunders, 817 S.W.2d at 692–93. 
Moreover, we cannot conclude that the disjunctive jury charge actually denied
appellant his right to a unanimous jury verdict. 
          Accordingly, we hold that the error in the court’s charge did not cause
appellant egregious harm. 
          We overrule appellant’s first issue. Extraneous Offenses
          In his second issue, appellant contends that the trial court erred at the
punishment stage of trial in failing to instruct the jury that it could consider evidence
of extraneous offenses only if it believed beyond a reasonable doubt that appellant
committed the offenses. Appellant focuses upon the outcry testimony revealed during
Dr. McNeese’s examination in which the complainant stated that appellant had
touched her in the vaginal and anal areas “many times.” This testimony was re-offered by the State during the punishment phase of the trial. Appellant contends that
this testimony was evidence of extraneous offenses, which should not have been
offered into evidence without a limiting instruction. 
          An extraneous offense is “any act of misconduct, whether resulting in
prosecution or not, which is not shown in the charging instrument and which was
shown to have been committed by the accused.” Worley v. State, 870 S.W.2d 620,
622 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d) (quoting Hernandez v. State,
817 S.W.2d 744, 746 (Tex. App.—Houston [1st Dist.] 1991, no pet.)). Evidence of
multiple occurrences of the defendant’s same conduct against the same victim is
admissible and such evidence does not amount to evidence of extraneous offenses. 
Id. at 622–23 (finding, in aggravated sexual assault of a child case, victim’s testimony
that defendant molested him “at least over a hundred times” did not constitute
evidence of extraneous offenses); see also Rodriguez v. State, 104 S.W.3d 87, 91
(Tex. Crim. App. 2003) (witness’s testimony that defendant delivered cocaine to her
“maybe 20 or 30 times” during nine-month period preceding date alleged in
indictment was not evidence of extraneous offenses but rather evidence of repeated
commission of offense alleged in the indictment).
          In this case, the objected-to testimony consisted of acts that were alleged in the
indictment. Therefore, the evidence does not amount to evidence of extraneous
offenses. Accordingly, we hold that the complainant’s statement that appellant
molested her many times does not constitute evidence of extraneous offenses and
there was no need for a limiting instruction. 
          We overrule appellant’s second issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Justices Nuchia, Jennings, and Higley.
Publish. Tex. R. App. P. 47.2(b).