**Opinion issued November 26, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-01073-CR

———————————

## THOMAS CHARLES FRANKS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 178th District Court
Harris County, Texas
Trial Court Case No. 1247514

## MEMORANDUM OPINION

A jury found appellant, Thomas Charles Franks, guilty of the offense of

deadly conduct[1] and assessed his punishment at confinement for two years and a

---

[1]    *See* TEX. PENAL CODE ANN. § 22.05 (Vernon 2011).

fine of $10,000.  In his sole issue, appellant contends that the trial court erred in admitting evidence of extraneous offenses during the guilt phase of trial.

We affirm.

## Background

The complainant, Adnan Syed, testified that on January 9, 2010, he was driving his Honda minivan along the Sam Houston Tollway, with his wife, three children, mother, and nephew as passengers.  Appellant, driving a black Mercedes Benz, cut in front of him and slammed on his brakes, forcing the complainant to change lanes.  This occurred two more times before appellant moved into the lane beside the complainant, rolled down his window, pointed a "pistol" toward the front passenger tire of the minivan, and fired.  The complainant heard a "pop" and felt a "vibration" in the minivan.  His wife called for emergency assistance and reported the license plate number of the Mercedes Benz.  The complainant parked his minivan and waited for a police officer.  He gave the responding police officers a description of appellant and the Mercedes Benz.  The next day, the complainant identified appellant from a photographic lineup.

Harris County Deputy Constable J. Wilder testified that he examined the minivan and found "a small metal fragment" that was "brass in color" lodged in the sidewall of the right-front tire.  He opined that, based on his fifteen years in law enforcement, the metal fragment was from a bullet.  Deputy B. James opined that,

2

based on his ballistics training, the fragment came from a bullet that hit the concrete very close to the tire. And, because the fragment was shallowly embedded, but had not yet fallen from the tire, James concluded that it was "fresh."

Appellant testified that he was driving a Mercedes Benz on the Sam Houston Tollway on the date of the incident, he saw the complainant and at least one passenger in the minivan, and he shot at the right-front tire. Appellant asserted, however, that the complainant had been the aggressor because he approached appellant "at a high rate of speed" and "tailgate[ed] him." Appellant switched lanes multiple times and tapped his brakes to warn the complainant to maintain a safe distance, but the complainant continued to either tailgate him or cut in front of him. When the minivan came up beside him, he saw the complainant reaching "down between his seats apparently looking for something." In response, appellant retrieved his "Colt 32" pistol from behind his seat and held it to his chest. The complainant was "gesturing wildly and apparently yelling," but did not appear to have anything in his hands. When the minivan came back into appellant's lane a third time, he "fired [his] pistol in the direction of [its] right-front tire." Appellant asserted that he "felt threatened," thought his "life was in grave danger," and therefore, he had acted in self-defense.

During direct examination, appellant's counsel asked, "After you fired your weapon, what did you do next?" Appellant responded, "Well, I was frightened at

3

that point. And I've never done anything like this before. So, what I did—I'm sorry." Appellant explained that after the incident he left his Mercedes Benz a mile from his house and reported it stolen in an effort "to provide an alibi" for himself.

Outside the presence of the jury, the State argued that appellant had opened the door to extraneous offense evidence because he had created a false impression that he had never before acted as the aggressor in such a situation. The State also asserted that extraneous acts were admissible to rebut appellant's theory of self-defense. The State then alleged two prior extraneous acts by appellant. In the first, appellant, believing that another motorist was attempting to force him off the road, threw a bottle at the motorist. In the second, appellant, upset that the grass had not been maintained at the house next door to his, confronted a real estate agent who was showing the house to a client. Appellant then went inside his house, retrieved a shotgun, and either exhibited it to or pointed it at the agent.

Appellant argued that his testimony, "I've never done anything like this before," did not open the door to these extraneous acts because "he was purely saying he had never been in this situation before where he shot at a tire." The trial court ruled that the extraneous acts were admissible because appellant had "opened the door." The trial court deferred its ruling on admissibility to rebut appellant's

4

self-defense theory. Appellant objected to "all questions related to the proffer," and the trial court overruled the objection.

After the jury returned, the State questioned appellant about the first incident, which occurred on May 17, 2009, as follows:

| | |
|---|---|
| [State]: | Isn't it true that you believe that you were cut off by another vehicle driven by Brittney Mercer? |
| [Appellant]: | I was not cut off. |
| . . . . | |
| [State]: | Isn't it true that you tried to force Brittney Mercer off the road? |
| [Appellant]: | No. |
| [State]: | Isn't it true that when you were driving along the Grand Parkway in Harris County, you ended up throwing a glass bottle out of your car striking the car owned by Brittney Mercer? |
| [Appellant]: | It was not a glass bottle, no. |
| [State]: | So what was it then that you threw? |
| [Appellant]: | A bottle of Ozarka. A plastic bottle. |
| [State]: | Did a plastic bottle of Ozarka cause $477.33 worth of damage to Brittney Mercer's car? |
| [Appellant]: | I do not believe so. |
| . . . . | |
| [State]: | But you did throw it at her car? |
| [Appellant]: | I did. |
| . . . . | |
| [State]: | Were you angry then? |
| [Appellant]: | I was upset. I was not angry, no. |
| [State]: | Was that self-defense? |
| [Appellant]: | Yes. |

5

Appellant testified on re-direct that Mercer was trying to pass him and came into his lane, forcing him off the road.

The State then questioned appellant regarding the second incident, which occurred on June 26, 2006, when real estate agent, Patricia Short, brought a family to see the house next door to that of appellant, as follows:

> [State]:        . . . [I]sn't it true that you were upset about the situation with that house's lawn, the grass not being cut to your standards?
>
> [Appellant]:  Yes.
>
> . . . .
>
> [State]:        . . . [D]id you grab your shotgun?
>
> [Appellant]:  Yes.
>
> [State]:        And you went inside your house and grabbed it?
>
> [Appellant]:  Yes.
>
> [State]:        Isn't it true you came back outside with that shotgun?
>
> [Appellant]:  I did.
>
> [State]:        You made that shotgun visible to them?
>
> [Appellant]:  Yes.
>
> [State]:        Shortly after them seeing that shotgun, they drove off?
>
> [Appellant]:  Yes.
>
> . . . .
>
> [State]:        Did they threaten you?
>
> [Appellant]:  Yes.
>
> [State]:        So, was that self-defense?
>
> [Appellant]:  Yes.

The trial court then ruled that the extraneous offenses were admitted for the purpose of refuting appellant's theory of self-defense. The trial court found that the probative value outweighed the danger of unfair prejudice. In the jury charge, the trial court instructed the jury not to consider the extraneous acts unless it first found beyond a reasonable doubt that appellant committed the acts and, if so, to then consider the evidence only for purposes of determining appellant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

## Standard of Review

We review a trial court's evidentiary rulings under an abuse of discretion standard. *De La Paz v. State*, 279 S.W.3d 336, 343–44 (Tex. Crim. App. 2009). A trial court abuses its discretion if it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). We will affirm a trial court's ruling unless it falls outside the "zone of reasonable disagreement." *De La Paz*, 279 S.W.3d at 344. A trial court's ruling on the admissibility of an extraneous offense is "generally within this zone if the evidence shows that . . . an extraneous transaction is relevant to a material, non-propensity issue, and . . . the probative value of that evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *Id*. "[I]f the trial court's

evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed," regardless of the reason for the ruling. *Id.*

**Extraneous Offenses**

In his sole issue, appellant argues that the trial court erred "in admitting into evidence extraneous offense testimony during the guilt/innocence phase of trial" because his testimony did not "open the door" to the evidence, the "evidence was not relevant to rebut [a]ppellant's claim of self defense," and the probative value of the evidence was substantially outweighed by the danger of unfair prejudice.

An extraneous offense is "any act of misconduct, whether resulting in prosecution or not, which is not shown in the charging instrument and which was shown to have been committed by the accused." *Martinez v.* State, 190 S.W.3d 254, 262 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show action in conformity therewith." TEX. R. EVID. 404(b). However, this evidence "may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id*. Rebuttal of a defensive theory is one of the "other purposes" for which extraneous-offense evidence may be admitted under rule 404(b). *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

Here, appellant raised the issue of self-defense when he testified that he "felt threatened" and thought his "life was in grave danger" at the time he shot at the front tire of the complainant's minivan. "When the accused claims self-defense or accident, the State, in order to show the accused's intent, may show other violent acts where the defendant was an aggressor." *Lemmons v. State*, 75 S.W.3d 513, 523 (Tex. App.—San Antonio 2002, pet. ref'd) (citing *Halliburton v. State*, 528 S.W.2d 216, 218 (Tex. Crim. App. 1975)); *see Robinson v. State*, 844 S.W.2d 925, 929 (Tex. App.—Houston [1st Dist.] 1992, no pet.).

The State presented appellant's testimony regarding two prior violent acts in which he acted as an aggressor and later asserted that he had acted in self-defense. In the first instance, appellant admitted that in 2009, while traveling on a freeway, he threw a bottle at another motorist, whom he believed had driven into his lane and had attempted to force him off the road. Similar to the instant case, appellant used a weapon toward the motorist, asserting that she had forced him off the road, and he asserted that he had acted in self-defense.

In the second instance, appellant testified that in 2006, he was upset that the lawn next door had not been properly mowed. He admitted that when the real estate agent arrived to show the house to a client, he went back into his house, retrieved a shotgun, and "made the shotgun visible to them," such that they left. Appellant asserted that the agent and her client, a family, had threatened him and

9

he had acted in self-defense. Similar to the instant case, appellant purposefully retrieved a firearm in response to a perceived threat.

The extraneous-offense testimony by appellant, if believed by the jury, demonstrated prior similar acts in which appellant acted as an aggressor. *See Lemmons*, 75 S.W.3d at 523; *see also Robins v. State*, 01-99-00451-CR, 2002 WL 1980887, at *2 (Tex. App.—Houston [1st Dist.] Aug. 29, 2002, pet. ref'd) (not designated for publication) (holding that, upon claim of self-defense, extraneous offense evidence showing defendant's aggressive behavior was admissible to show intent). This extraneous offense evidence is relevant to rebut appellant's theory of self-defense in the instant case. *See Williams*, 301 S.W.3d at 687; *Lemmons*, 75 S.W.3d at 523; *see also Robins v. State*, 01-99-00451-CR, 2002 WL 1980887, at *2. Thus, the trial court did not abuse its discretion in determining that the evidence was admissible under rule 404(b). *See Powell v. State*, 63 S.W.3d 435, 439 (Tex. Crim. App. 2001).

Appellant asserts that "[t]he State's *primary* motivation for seeking admission of the alleged wrongful acts . . . was not to rebut the defense's theory of self-defense, but to show that at the time of the incident on trial the defendant acted in conformity with the State's opinion of his character." (Emphasis added.) Appellant directs us to the State's closing argument, in which it stated that appellant "is a dangerous person" and "is the kind of person" who carries a gun

and "uses it when it is not reasonably necessary." Relying on *Montgomery*, appellant argues that if extraneous-offense evidence is not relevant apart from supporting an inference of character conformity, it is inadmissible under rule 404(b). *See Montgomery*, 810 S.W.2d at 387. Having concluded that the evidence has relevance apart from supporting an inference of character conformity, we cannot conclude that the trial court abused its discretion in ruling that it was admissible. *See id.* at 380.

Next, appellant argues that, even if the extraneous evidence is admissible, it should have been excluded because its probative value was substantially outweighed by the danger of unfair prejudice.

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403. "A rule 403 objection is not implicitly contained in relevancy or 404(b) objections; rather, a specific rule 403 objection must be raised to preserve error." *Lopez v. State*, 200 S.W.3d 246, 251 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd); *see Johnston v. State*, 145 S.W.3d 215, 220 n.13 (Tex. Crim. App. 2004); *Montgomery*, 810 S.W.2d at 388 (stating that objection on basis of rule 403 is required).

Here, appellant objected to the admission of the extraneous-offense evidence on the basis that he did not believe that his testimony created a false impression. In addition, appellant objected to the "questions related to the proffer." Because he did not make a specific rule 403 objection in the trial court, appellant did not preserve his rule 403 challenge. *See* TEX. R. APP. P. 33.1; *Montgomery*, 810 S.W.2d at 388–89; *Williams v. State*, 930 S.W.2d 898, 901 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd) (holding defendant's "general" rule 403 objection insufficient to preserve error because it failed to identify which of five distinct grounds for excluding evidence listed in rule was being argued as basis for exclusion); *see also Guy v. State*, 160 S.W.3d 606, 615–16 (Tex. App.—Fort Worth 2005, pet. ref'd) (holding appellate issue based on alleged violation of rule 403 must be preceded by specific objection).

Because we conclude that the extraneous-offense evidence is admissible to rebut appellant's self-defense theory, we hold that the trial court did not abuse its discretion in admitting the evidence. *See De La Paz*, 279 S.W.3d at 344 ("[I]f the trial court's evidentiary ruling is correct on any theory of law applicable to that ruling, it will not be disturbed.").

Accordingly, we overrule appellant's sole issue.

12

**Conclusion**

We affirm the judgment of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).