**Opinion issued April 30, 2026.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00224-CR

———————————

**RAYMOND MATTHEW THIBAULT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 88657-CR**

---

## MEMORANDUM OPINION

A jury found Appellant Raymond Matthew Thibault guilty of the second-degree felony offense of indecency with a child by contact, found the enhancement paragraph true, and assessed his punishment at forty-five years' confinement in the Texas Department of Corrections – Institutional Division. In his sole issue,

Appellant argues the trial court abused its discretion by admitting testimony that he had taken or solicited photographs of other women's breasts in violation of Texas Rule of Evidence 404(b).

We affirm the trial court's judgment.

## Background

Appellant Raymond Matthew Thibault and J.H. are the parents of the complainant ("Tammy") and Tammy's older brother ("R.T.").[1] Thibault and J.H. met in Texas while J.H. was in high school. When they broke up, J.H. moved to Michigan to live with her mother. Tammy was one year old and R.T. was two years old at the time.

Tammy and R.T. eventually moved back to Texas where they lived with Thibault's mother. The children resided with Thibault's mother until August 2019, when Tammy moved to Michigan to live with J.H. Tammy was thirteen years old at the time and the plan was for her to return to Michigan "to start her 8th grade school year" there.

Shortly before she moved to Michigan, Tammy told Thibault's ex-wife, with whom Tammy was close, about an incident that occurred around February 14, 2019, when Tammy was thirteen years old. Thibault's ex-wife testified that Tammy was

---

[1]     To protect the identity of minor children, we refer to them and their relatives by pseudonyms or initials. *See* TEX. R. APP. P. 9.10(a)(3).

visiting Thibault and his current wife. Tammy told Thibault's ex-wife that when she was getting ready for bed, Thibault laid her down on the couch and "brushed against her boobs." At first, Tammy thought it was an accident, but Thibault "kept coming back in intervals" to fondle Tammy's breasts over and underneath her clothing. At some point, the fondling progressed to licking. According to Thibault's ex-wife, Tammy believed that Thibault took a photo of himself licking her breast. Thibault's ex-wife's statement to the police about the incident was admitted into evidence as State's Exhibit 2.

Thibault's ex-wife testified that she and Thibault were married for a few years and they divorced in 2017. When asked if Thibault had ever asked her to send him pictures of herself when they were together, Thibault objected that the testimony was irrelevant and more prejudicial than probative under Rule of Evidence 403. The court overruled Thibault's objections. Thibault's ex-wife testified that Thibault asked her to send him pictures of her "breasts and down there" throughout their relationship.

Thibault's wife at the time of trial also testified. She and Thibault began dating in 2016, and they were married in April 2019. Thibault's wife testified that Tammy and R.T. lived with Thibault's mother, but they visited her and Thibault once or twice a month on the weekends. In August 2019, Thibault's wife learned about an incident involving Thibault and Tammy, which happened while Tammy

3

was visiting her and Thibault. Thibault's wife testified that Tammy told her about what happened between her and Thibault. She testified that the police statements from Thibault's mother and ex-wife were consistent with what Tammy told her. When asked about her relationship with Thibault, the wife testified, without objection, that Thibault had a "particular affinity" for photographs of her nude "breasts and butt."

D.O. testified outside the presence of the jury. On voir dire, she testified that she met Thibault when she was thirteen years old and he was an adult. She had a sexual relationship with Thibault that lasted about two years. She testified that Thibault took a nude photograph of her "chest" when she was thirteen years old. At the end of D.O.'s voir dire testimony, defense counsel objected to D.O. testifying in front of the jury based on relevance and Rules of Evidence 403 and 404(b). If the testimony was admitted, defense counsel requested a limiting instruction. The trial court overruled the objection and permitted D.O. to testify about the photograph and her sexual relationship with Thibault. The trial court agreed to give a limiting instruction to the jury.

In front of the jury, D.O. testified that when she was thirteen years old, Thibault, who lived two houses away, stopped D.O. on the street and asked her to babysit his two children. D.O. went to Thibault's home that evening and watched his children while Thibault went to work. When Thibault returned home from work,

4

he kissed D.O. and told her he wanted to take photographs of her. According to D.O., Thibault took two or three photographs of her naked breasts and then took her to a back bedroom where he took her pants off and they had sex.

Tammy testified that in 2019, she saw Thibault regularly and she slept over at his home at least once a week. Tammy was thirteen years old at the time. She testified that Thibault would compare her breasts to those of his wife and remark that he wished he could "take [Tammy's] chest and put it onto [his wife's] chest."

On February 14, 2019, Tammy fell asleep on the couch while watching TV with Thibault at his house. According to Tammy, Thibault touched her breast as he repositioned her body on the couch. Thibault returned later that night. He flipped Tammy over on her back and fondled her breasts under her sports bra. According to Tammy, Thibault pulled his hands out from under her bra when his wife walked into the living room.

Later that night, Thibault returned. This time he lifted Tammy's shirt and slipped his hands under her bra. Although she pretended to be asleep, Tammy's eyes were open "enough to where [she] could see." According to Tammy, Thibault played with her breasts and inspected them from different angles for a few minutes before leaving. Thibault returned later that night and touched her breasts under her bra. Tammy testified that Thibault returned later. He moved her shirt, grabbed his phone, and "took a picture with the flash on." Tammy testified that she remembered "seeing

5

the flash" and watching Thibault "jumping over the coffee table because there was a loud bang" after the flash.

Tammy testified that she wanted to tell Thibault's wife that Thibault had touched her breasts, but she was too scared, so she decided to wait until a few days before she was scheduled to leave for Michigan in August 2019 to tell anyone about the incident.

**Evidence of Extraneous Bad Acts and Offenses**

In his sole issue, Thibault argues that the trial court erred in admitting "extraneous offense evidence" involving allegations that he "solicited breast pictures from two adult women who were his wife and ex-wife, and that he had taken breast pictures of a juvenile with whom [he] had a previous sexual relationship."

Thibault argues that the trial court abused its discretion by admitting testimony from his wife and ex-wife regarding Thibault's request for pictures of their breasts, because their testimony has no probative value other than to show that Thibault is a "general pervert obsessed with collecting images of women's breasts, genitals, and butt" and that he acted in accordance with his perverted character when he allegedly touched and photographed Tammy's nude breasts. According to Thibault, there is no evidence that he photographed Tammy's nude breasts because no such photographs were admitted into evidence and Tammy "was not able to testify that a picture was taken, only that she saw a flash (while her eyes were closed)

6

which made her think a picture was taken," and thus there is no connection between the allegations in this case and testimony from his wife and ex-wife that he solicited photographs of their breasts. He argues that the admission of his wife's and ex-wife's "highly prejudicial" testimony was harmful because the testimony, which has a probative value of "almost nothing," was used to bolster Tammy's testimony by showing that he acted in accordance with his perverted character.

## A.     Standard of Review and Applicable Law

We review a trial court's ruling on the admission of evidence for abuse of discretion. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). A trial court does not abuse its discretion if its ruling is within the zone of reasonable disagreement, and the ruling will be upheld if it is "correct on any theory of law applicable to that ruling." *Id.* at 343–44.

Thibault cites three evidentiary rules in his brief: Texas Rules of Evidence 403 and 404(b) and Article 38.37, Section 2(b) of the Code of Criminal Procedure.

Texas Rule of Evidence 404(b)(1) precludes the admission of evidence of a crime, wrong, or act to prove a person's character to show that he acted in conformity with that character on a particular occasion but permits such evidence to be admitted for other purposes. TEX. R. EVID. 404(b). Specifically, Rule 404(b)(2) provides that evidence of a crime, wrong, or other act "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity,

absence of mistake, or lack of accident. . . ." TEX. R. EVID. 404(b)(2). "An extraneous offense is any act of misconduct, whether resulting in prosecution or not, which is not shown in the charging instrument and which was shown to have been committed by the accused." *Martinez v. State*, 190 S.W.3d 254, 262 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (internal quotations omitted). "Whether extraneous offense evidence has relevance apart from character conformity, as required by Rule 404(b), is a question for the trial court." *De La Paz*, 279 S.W.3d at 343 (quoting *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003)).

Article 38.37 of the Code of Criminal Procedure contains a statutory exception to Rule 404 for trials of certain sexual offenses, including indecency with a child by contact. It provides that evidence that a defendant has committed a sexual offense against a different child may be admitted "for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant." TEX. CODE CRIM. PROC. art. 38.37, § 2(b).

Evidence that is admissible pursuant to Article 38.37 or Rule 404(b)(2) is also subject to Rule of Evidence 403. Rule 403 precludes the admission of relevant evidence if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. TEX. R. EVID. 403.

"Unfair prejudice" means the tendency of the evidence to persuade the jury to convict on an improper basis, rather than proof of the charged offense. *See State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). "Rule 403 requires exclusion of evidence only when there exists a clear disparity between the degree of prejudice of the offered evidence and its probative value." *Conner v. State*, 67 S.W.3d 192, 202 (Tex. Crim. App. 2001)).

The erroneous admission of evidence constitutes non-constitutional error. *See Casey v. State*, 215 S.W.3d 870, 885 (Tex. Crim. App. 2007). Non-constitutional error requires reversal only if it affects the substantial rights of the defendant. *See* TEX. R. APP. P. 44.2(b); *Barshaw v. State*, 342 S.W.3d 91, 93–94 (Tex. Crim. App. 2011) (stating appellate courts will not overturn criminal convictions for non-constitutional error if, after examining record, court has fair assurance that error did not influence jury or had but slight effect on jury's decision).

**B.      Preservation of Error**

The State argues Thibault failed to preserve his challenges to the admission of his wife's and ex-wife's testimony based on Rule of Evidence 404(b) because he did not object to his wife's testimony on any ground and he objected to his ex-wife's testimony only under Rules of Evidence 401 and 403. We agree.

To preserve error for appellate review, a party must object and state the grounds for the objection with enough specificity to make the trial judge aware of

the complaint, unless the specific grounds are apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A) (stating to preserve error for appellate review, record must show that party made timely request, objection, or motion that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context"); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). The objection must be sufficiently clear to give the judge and opposing counsel an opportunity to address and, if necessary, correct the purported error. *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009). A defendant fails to preserve error when the contention urged on appeal does not match the specific complaint made in the trial court. *Clark*, 365 S.W.3d at 339; *see also Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd) ("Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review."). A court of appeals should not address the merits of an issue if it has not been preserved for appeal. *See Ford*, 305 S.W.3d at 532.

### *Wife's testimony*

Thibault argues on appeal that the trial court abused its discretion by admitting his wife's testimony that Thibault had a "particular affinity" for photographs of her nude breasts and butt in violation of Rule 404(b). Because Thibault did not object on any grounds during the trial to the admission of his wife's testimony, he did not

preserve for appellate review any challenge to the admission of her testimony. *See Clark*, 365 S.W.3d at 339; TEX. R. APP. P. 33.1(a)(1)(A).

We thus overrule Thibault's first issue as it concerns the testimony of his wife.

### Ex-wife's testimony

Thibault also argues on appeal that the trial court abused its discretion by admitting testimony from his ex-wife that he took photographs of her breasts and "down there" in violation of Rule 404(b). During trial, Thibault objected to the admission of his ex-wife's testimony pursuant to Rules of Evidence 401 and 403, arguing that the evidence was irrelevant and more prejudicial than probative.[2] Thibault did not object on the basis of Rule 404(b). He did not argue that his ex-wife's testimony had no relevance apart from character conformity or mention Rule 404(b) in his trial objection, and it was not clear from the context that he was making such an objection.

We thus hold that Thibault did not preserve a Rule 404(b) challenge to the admission of his ex-wife's testimony. *See Clark*, 365 S.W.3d at 339. We overrule his first issue as it concerns the testimony of his ex-wife.

---

[2]     TEX. R. EVID. 401 (stating evidence relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action"); TEX. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence.").

***D.O.'s testimony***

To the extent Thibault seeks to challenge the admission of D.O.'s testimony based on any ground, Thibault waived these issues due to inadequate briefing. Although Thibault mentions D.O. in his statement of the case, his statement of facts, and the summary of his argument, he does not provide a substantive and meaningful discussion of his challenge to the admission of D.O.'s testimony that Thibault photographed her nude breasts when she was thirteen years old. In the analysis portion of his brief, Thibault focuses only on the testimony of his wife and ex-wife. He does not mention D.O., apply the law to the facts regarding D.O.'s testimony, or discuss, with any citation to the record or authorities, why the admission of her testimony was erroneous or resulted in harm. Similarly, in his conclusion, there is no mention of D.O. He states only that the "trial court's admission of evidence regarding request for sexual photographs from [his ex-wife] and [wife] was well beyond the zone of reasonable disagreement such that it did constitute an abuse of discretion. This abuse of discretion deprived the defense of the ability to mount a defense and led to a substantial injurious effect against the Appellant. As such, this case should be reversed and remanded."

We thus hold that Thibault waived any challenge to the admission of D.O.'s testimony based on any ground due to inadequate briefing. *See* TEX. R. APP. P. 38.1(i) (stating appellate briefs "must contain a clear and concise argument for the

contentions made, with appropriate citations to authorities and to the record"); *see also Posey v. State*, No. 12-23-00099-CR, 2024 WL 378859, at \*3 (Tex. App.—Tyler Jan. 31, 2024, no pet.) (mem. op., not designated for publication) ("A brief that fails to apply the law to the facts does not comply with Texas Rule of Appellate Procedure 38.1 and presents nothing for our review.") (citing *Swearingen v. State*, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003)); *see also Gilbreath v. Horan*, 682 S.W.3d 454, 506 (Tex. App.—Houston [1st Dist.] 2023, pet. denied) ("The failure to provide a substantive and meaningful analysis applying the law to the facts waives a complaint on appeal.").

We overrule Thibault's sole issue.

## Conclusion

We affirm the trial court's judgment.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.

Do not publish. TEX. R. APP. P. 47.2(b).

13